THE PEOPLE OF THE TERRITORY OF UTAH, RESPONDENT, v. ALFRED SOLOMON AND ANOTHER, APPELLANTS.

BOND—SURETIES' LIABILITY.—In an action upon a bail bond, an allegation in the complaint that the defendant "was admitted to bail, is not an allegation that defendant was released from custody, and in an action upon the bond a demurrer to the complaint should be sustained.

APPEAL from a judgment of the district court of the third district. The opinion states the facts.

*Messrs. Hoge & Burmester*, for the appellants.

*Mr. W. H. Dickson*, for the respondent.

BOREMAN, J.:

It appears from the record in this case that one Fanny Davenport was charged with keeping a house of ill-fame,

and upon her arrest therefor the defendants (appellants) became bail for her appearance, executing and delivering the undertaking sued on for her release. She was indicted on this and other charges, and the district court made an order for her appearance in court at a specified time, to "abide such order as the court shall make concerning her." She appeared at the appointed time by her attorney, but not in person, and her attorney offered to enter her plea for her. This offer was rejected, and thereupon the undertaking was forfeited. The present action was instituted upon the undertaking thus forfeited, against the appellants, the sureties thereon. The appellants (defendants below) filed their demurrer to the complaint, and the demurrer being overruled, they filed their answer, setting forth that the accused appeared at the appointed time by her attorney, and offered to plead, but that her plea was refused; and that afterwards, on the same day, she again appeared by her attorney and offered her plea of "not guilty," and it was accepted and entered. After the filing of the answer of the defendants (appellants) the district attorney moved the court for judgment upon the pleadings, which motion was by the court granted, and thereupon the appellants brought the case to this court.

1. It was objected to the complaint that it failed to allege that said Davenport was released from custody. In reply to this objection it is contended that although the complaint does not in terms state that the accused was discharged from custody, yet that the allegation that she was "admitted to bail" is equivalent thereto. The release from custody is in contemplation of law to take place after the execution and acceptance of the undertaking. It is declared in the undertaking itself, in speaking of the charge, that "said defendant having been held to answer thereon, and *admitted to bail* by said commissioner," etc., the sureties undertook that she should appear, etc. This language indicates that the accused had already been admitted to bail before the undertaking was given; but it is not contended that the accused had been released from custody before the execution of the undertaking; and, in

fact, if she had been, there was no consideration for the undertaking. It is clear, therefore, that the "admission to bail," spoken of in the undertaking, was not a discharge from custody. Our criminal practice act defines the expression as follows, viz.: "Sec. 384. Admission to bail is the order of a competent court or magistrate that the defendant be discharged from actual custody upon bail." Laws Utah, 1878, p. 142. The same meaning seems to attach to the words generally, wherever used in the statutes. Laws 1878, tit. "Bail." The "admission to bail" is therefore the order of the court or magistrate for a prisoner's discharge, and is not the discharge itself. It is manifest that this is the sense in which the words are used in the complaint.

2. The statement that the accused did not appear is not equivalent to saying that the accused was released on bail, nor did it necessarily include such a release. Had she been at large from any other cause than the giving and accepting of the bail, the sureties would not be responsible. The undertaking could be of no validity unless the prisoner was discharged by reason of its being given. It is that which gives to the undertaking its vitality. The complaint should state every such fact necessary to its validity, and without such allegation the complaint is fatally defective. It did not state facts sufficient to constitute a cause of action. *Los Angeles Co.* v. *Babcock,* 45 Cal., 253. This point being decisive of the case, it is unnecessary to consider other points. The judgment and order of the lower court are reversed and the cause remanded, with directions to the lower court to sustain the demurrer to the complaint, with leave to the plaintiff to amend.

ZANE, C. J., and HENDERSON, J., concurred.