PEOPLE, PLAINTIFF AND APPELLEE, *v.* NOBLE ET AL., DEFENDANTS AND APPELLANTS.

APPEAL from the District Court of San Juan in an Action of Debt.

No. 2209.—Decided June 28, 1920.

SURETY BOND—SUMMONS OF DEFENDANT—PLEADING—CONCLUSION OF LAW.—According to the bond in this case it was necessary that the defendant be summoned to appear before the court in order to hold the sureties liable, and it not having been alleged that he was so summoned, the complaint was fatally defective. Such allegation was not supplied by the statement that "inasmuch as Hernán Castés has not appeared in response to the lawful call of the court, the said bond has become good," for that statement is a conclusion of law which does not establish the fact as to the summons.

ID.—FORFEITURE OF BOND—PLEADING.—The allegations that the court ordered that

the defendant should give a bond in the sum of $800 to remain temporarily at liberty; that the bond was given by the defendants, and that on account of the defendant's failure to appear to answer the information the bond was declared forfeited, do not supply the essential allegation that the defendant was released by virtue of the bond given by the defendants.

The facts are stated in the opinion.

*Mr. E. López Tizol* for the appellants.

*The Attorney General* and *Mr. J. E. Figueras, Fiscal,* for the appellee.

MR. CHIEF JUSTICE HERNÁNDEZ delivered the opinion of the court.

On May 12, 1908, The People of Porto Rico, represented by Libertad Torres Grau, the district attorney of San Juan, filed a complaint against William D. Noble and Paulino Pumarada in the second division of the district court to recover the amount of a bail bond, and the following allegations were made in the complaint:

That an information charging Hernán Castés with false representation having been filed in the District Court of San Juan, Section 2, the court allowed the defendant to give bail in the sum of $800 in order to remain temporarily at liberty.

That on April 19, 1907, defendants David Noble and Paulino Pumarada signed and swore to the bail bond before the clerk of the court and it was approved by the judge. The bond was copied into the complaint and reads as follows:

"We, Paulino Pumarada and W. D. Noble, hereby covenant that the said Hernán Castés Salazar shall appear before this or any other court when summoned and be prepared at all times to obey its orders, and also that he will appear when the judgment is rendered and submit to its execution, and in case of his failure to comply with any of these conditions we bind ourselves to pay to The People of Porto Rico the sum of $800."

That Hernán Castés not having appeared to plead to the information, on September 10, 1907, the court declared the bond forfeited, several terms having passed and the sureties having failed to produce the defendant or to make any ex-

planation, and that "inasmuch as Hernán Castés has not appeared in response to the lawful call of the court, the said bond has become obligatory."

The complaint concludes with a prayer for judgment against defendants William D. Noble and Paulino Pumarada for the sum of $800, with interest and the costs.

· In answering the complaint the defendants demurred on the ground that it did not state facts sufficient to constitute a cause of action and alleged that in the month of April, 1907, they furnished a bond for $800 in favor of The People of Porto Rico to respond for the appearance of the defendant in the matter of an information filed against Hernán Castés in the District Court of San Juan for the alleged crime of false representation; that they were informed by the complaint that the said bond had been declared forfeited, but that if they had been notified immediately they could easily have produced the defendant because they knew where to find him; that the information on which Hernán Castés was arrested did not charge any crime, and that as he was not liable his sureties can not be held liable.

On March 25, 1918, or after nearly ten years had passed, the plaintiff moved that a day and hour be set for the trial of the case on its merits and the first day of April, 1918, was accordingly fixed. On that day the evidence introduced by both parties was examined, that of the plaintiff consisting of the certified record of criminal action No. 1220 brought by The People of Porto Rico against Hernán Castés Salazar, and that of the defendants consisting of their parole evidence to the effect that in August or September of 1907 defendant Hernán Castés died in Venezuela and notice of his death was given to district attorney Torres Grau. The court allowed the defendants sixty days within which to produce an official certificate of the death of Hernán Castés and upon their failure to do so the plaintiff, on June 3 and July 9, 1918, moved that the court render final judgment. Judgment was ren-

dered on July 26, 1918, sustaining the complaint and ordering that the defendants pay to the plaintiff the sum of $800, with interest from the date of the filing of the complaint and the costs.

The defendants appealed from that judgment and allege that the court erred in overruling the demurrer on the ground that the complaint did not set up facts sufficient to constitute a cause of action, and that the judgment is contrary to the evidence.

In support of the demurrer the appellants contend that the complaint did not show that the defendant was lawfully summoned for arraignment, or that after being so summoned he failed to appear, or that the sureties or any of them had been notified of the day and hour of the arraignment in order that they might cause the defendant to appear before the court, these requirements being indispensable before the bond could be declared forfeited for the nonappearance of the defendant and noncompliance with the undertaking.

The bond herein transcribed, as forming an integral part of the complaint, shows that the sureties bound themselves to respond for the appearance of Hernán Castés Salazar before the court upon being summoned and that in case of his failure so to appear they undertook to pay the sum of $800 to The People of Porto Rico. The summoning of the defendant to appear before the court was a condition *sine qua non* to the liability of the sureties and the service of such summons was not alleged in the complaint; therefore it omitted a necessary allegation to constitute a cause of action. That omission was not supplied by the dictum that inasmuch as Hernán Castés had not appeared in response to the lawful call of the court, the said bond had become obligatory. That statement is a conclusion of law rather than a fact showing the service of the summons on the defendant.

Another fact relied on by the appellant in support of the

first ground of appeal is that it was not alleged in the complaint that the defendant was released from custody because of the bond furnished by Pumarada and Noble.

We agree that the very nature of the undertaking made such an allegation necessary and in support of this we have only to cite the jurisprudence established by the Supreme Court of California in the case of *People* v. *Babcock,* 45 Cal. 252, in which the court said:

"Without noticing other objections to the complaint we are satisfied that the demurrer should have been sustained, on the ground that it is not averred that Pollock was released from custody upon or by reason of the execution and delivery of the bond set forth. This averment is indispensable in an action of this character."

It is true that the complaint avers that the court allowed defendant Hernán Castés to give bail in the sum of $800 in order to be temporarily at liberty; that such a bond was given by the defendants, and that on account of the failure of Hernán Castés to appear to plead to the information the bond was declared forfeited, but these averments do not supply the essential allegation that the defendant was released by reason of the bond given by the defendants.

"It should be alleged that the accused was released from custody. An allegation that he was admitted to bail is not equivalent and the statement that the accused did not appear is not equivalent to saying that he was released from custody on bail and does not necessarily imply such release.

"Bail is not valid unless the prisoner was discharged by reason of its being given. It is that which gives to the undertaking its validity, and the complaint should state every such fact necessary to its validity, otherwise the complaint is fatally defective and does not state facts sufficient to constitute a cause of action." *People* v. *Solomon,* 5 Utah, 277; 15 Pac. Rep. 4.

The appeal is sustained on its first ground; therefore we abstain from considering the second. Moreover, we could not do so, for we have not before us all of the evidence ex-

amined at the trial, there being lacking the record of criminal action No. 1220 brought by The People of Porto Rico against Hernán Castés Salazar, which was offered and admitted in evidence at the instance of the plaintiffs.

The judgment appealed from should be reversed and another rendered dismissing the complaint.

*Reversed.*

Justices del Toro, Aldery and Hutchison concurred..

Mr. Justice Wolf took no part in the decision of this case.