EL PUEBLO, DEMANDANTE Y APELADO, *v.* NOBLE ET AL., DEMANDADOS Y APELANTES.

APELACIÓN procedente de la Corte de Distrito de San Juan, Sección Segunda, en pleito sobre cobro de dinero.

No. 2209.—Resuelto en junio 28, 1920.

FIANZA—EJECUCIÓN DE FIANZA—CITACIÓN DEL ACUSADO—ALEGACIÓN NECESARIA— DEMANDA DEFECTUOSA.—La citación del acusado para su comparecencia ante la corte era en el presente caso condición indispensable, según la fianza, para que pudiera exigirse la responsabilidad de los fiadores, y no habiéndose alegado que dicha citación se hizo, la demanda era defectuosa fatalmente. Dicha alegación no quedó suplida por la manifestación de que "como quiera que Hernan Castés no ha comparecido al llamamiento legal de la corte se ha hecho buena dicha fianza," pues tal manifestación es una conclusión legal que no establece el hecho de la citación.

ID.—EJECUCIÓN DE FIANZA—LIBERTAD DEL ACUSADO—ALEGACIÓN NECESARIA— DEMANDA DEFECTUOSA.—Las alegaciones de que la corte dispuso que el acusado prestara fianza por $800 para gozar de libertad provisional, cuya fianza prestaron los demandados, y de que por no haber comparecido el acusado a contestar la acusación se declaró confiscada la fianza, no suplen la esencial alegación, sin la cual la demanda es defectuosa, de que el acusado fué puesto en libertad a virtud de la fianza prestada por los demandados.

Los hechos están expresados en la opinión.

Abogado de los apelantes: Sr. *E. López Tizol.*

Abogados del apelado: *Sres. Attorney General* y *J. E. Figueras, Fiscal.*

EL JUEZ PRESIDENTE SR. HERNÁNDEZ, emitió la opinión del tribunal.

Con fecha 12 de mayo de 1908. El Pueblo de Puerto Rico, representado por el Fiscal del Distrito de San Juan, Libertad Torres Grau, presentó demanda a la corte de dicho distrito, Sección Segunda, contra William D. Noble y Paulino Pumarada, sobre cobro de dinero adeudado en concepto de fianza, y en esa demanda alega el demandante como hechos determinantes de su acción los siguientes:

Que habiéndose presentado ante la Corte de Distrito de San Juan, Sección Segunda, una acusación contra Hernán Castés por delito de falsa representación e impostura (*felony*) la corte dispuso que el acusado prestara una fianza de $800 para gozar de libertad provisional.

Que en 19 de abril de 1907 David Noble y Paulino Puma-
rada, los demandados, prestaron la fianza mediante documento
suscrito y jurado ante el secretario de la corte y aprobado
por el juez, cuyo documento se inserta en la demanda y dice
así:

"Nosotros, Paulino Pumarada y W. D. Noble, por la presente
respondemos de que el susodicho Hernán Castés y Salazar compare-
cerá en este o cualquier otro tribunal en virtud de cualquier cita-
ción que se le haga y de que en todo tiempo estará pronto a acatar
sus órdenes y providencias, así como de que comparecerá al pronun-
ciamiento de la sentencia, sometiéndose a la ejecución de la misma,
y si dejare de estar y pasar por cualquiera de esas condiciones nos
obligamos asimismo a pagar al Pueblo de Puerto Rico la cantidad
de $800."

Que en septiembre 10 de 1907 y en virtud de no haber
comparecido Hernán Castés a contestar la acusación se de-
claró la fianza u obligación confiscada por la corte, habiendo
transcurrido varios términos sin que los fiadores hayan pre-
sentado al acusado ni hecho alegación alguna "y que como
quiera que Hernán Castés no ha comparecido al llamamiento
legal de la corte se ha hecho buena dicha fianza u obligación."

La demanda concluye con la súplica de que se dicte sen-
tencia condenando a los fiadores demandados William D. No-
ble y Paulino Pumarada a pagar al demandante la suma de
$800 con las costas que se causaren y el interés legal corres-
pondiente desde el ejercicio de la acción.

Ambos demandados al contestar la demanda opusieron a
ella la excepción previa de que no aduce hechos suficientes
para constituir una causa de acción y como mayor defensa
alegaron que en un día del mes de abril de 1907 prestaron
una fianza de $800 a favor de El Pueblo de Puerto Rico para
responder de una acusación que había sido presentada ante
la Corte de Distrito de San Juan contra Hernán Castés por
el supuesto delito de falsa representación e impostura; que
por la demanda habían venido en conocimiento de que dicha
fianza había sido confiscada pero que si hubieran sido reque-

ridos inmediatamente para presentar al acusado les hubiera sido fácil hacerlo por saber ellos donde se encontraba; y que la acusación por la cual fué detenido Hernán Castés no constituía delito alguno y no teniendo él responsabilidad tampoco podían tenerla sus fiadores.

Transcurridos cerca de diez años, o sea en 25 de marzo de 1918, el demandante solicitó se señalara día y hora para la vista del caso en sus méritos y el señalamiento se hizo para el día 1º. de abril siguiente, en cuyo día se practicaron las pruebas propuestas por ambas partes, consistiendo la del demandante en el record No. 1220 de la causa criminal de *El Pueblo de Puerto Rico* v. *Hernán Castés Salazar*, debidamente autenticado, y la de los demandados en declaraciones de los mismos como testigos, quienes manifestaron que por agosto o septiembre de 1907 falleció en Venezuela el acusado Hernán Castés dándose conocimiento de la muerte al Fiscal Torres Grau. El juez dió a los demandados un plazo de sesenta días para que presentaran documento legalizado de la muerte de Hernán Castés, y no habiéndolo hecho el demandante presentó mociones a la corte en junio 3 y julio 9, 1918 para que se diera por terminado el pleito y se dictara sentencia definitiva. Esa sentencia fué pronunciada en 26 de julio citado y por ella se declaró con lugar la demanda y fueron condenados los demandados a pagar al demandante la suma de $800, las costas causadas y los intereses legales correspondientes desde el ejercicio de la acción.

De dicha sentencia apelaron los demandados y alegan como motivos del recurso que la corte cometió error al declarar sin lugar la excepción de que la demanda no aduce hechos suficientes para determinar una causa de acción y que la sentencia es contraria a la prueba.

Para sostener la excepción previa alegan los apelantes que la demanda no muestra que el acusado fué legalmente citado para la lectura de la acusación y que así citado dejara de comparecer o que los fiadores o alguno de ellos hubieran sido notificados del día y hora en que la acusación

había de ser leída para que trajeran al acusado a presencia de la corte, cuyos requisitos eran indispensables para que pudiera confiscarse la fianza por incomparecencia del acusado y por violación de la obligación contraída.

Examinado el documento de fianza que dejamos transcrito como parte integrante de la demanda, encontramos que los fiadores se obligaron a responder de que Hernán Castés y Salazar comparecería ante la corte en virtud de cualquier citación que se le hiciera y que si dejaba de hacerlo los fiadores se obligaban a pagar a El Pueblo de Puerto Rico la cantidad de $800. La citación del acusado para su comparecencia ante la corte era condición indispensable para que pudiera ser exigible la responsabilidad de los fiadores y dicha citación no fué alegada en la demanda, faltando por consiguiente en ella una alegación necesaria para el ejercicio de la acción. Dicha falta de alegación no queda suplida por la manifestación de que como quiera que Hernán Castés no ha comparecido al llamamiento legal de la corte se ha hecho buena dicha fianza u obligación. Eso más que una alegación de hecho, demostrativa de la citación del acusado es una conclusión legal.

Otra razón invocan los apelantes para sostener el primer motivo del recurso, y es que también falta en la demanda la alegación esencial de que a virtud de fianza que prestaran Pumarada y Noble el acusado fué puesto en libertad.

Estamos conformes en que la misma naturaleza de la obligación de fianza precisaba la anterior alegación y para ello nos basta invocar la jurisprudencia establecida por el Tribunal Supremo de California en el caso de *El Pueblo* v. *Babcock,* 45 Cal. 252, en el cual dicha corte se expresó como sigue:

"Sin considerar otras objeciones a la demanda, estamos convencidos de que la excepción debió haber sido sostenida por el fundamento de que no se alegó que Pollock fué puesto en libertad por virtud del otorgamiento y entrega de la fianza descrita. Esta alegación es indispensable en una acción de esta clase."

Ciertamente que en la demanda se alega que la corte dispuso que el acusado Hernán Castés prestara una fianza de $800 para gozar de libertad provisional, que esa fianza fué prestada por los demandados, y que por no haber comparecido Hernán Castés a contestar la acusación se declaró la fianza confiscada, pero esas alegaciones no suplen la falta de expresión de que el acusado fué puesto en libertad a virtud de la fianza prestada por los demandados.

"En la demanda debe alegarse que el acusado fué puesto en libertad de la custodia en que se hallaba. La alegación de habérsele admitido que prestara fianza no es equivalente a eso y la manifestación de que el acusado no compareció no equivale a decir que fué puesto en libertad bajo fianza ni incluye necesariamente tal liberación.

"La fianza no tiene validez a no ser que el acusado sea puesto en libertad por el hecho de haberse prestado tal fianza; eso es lo que le dá vitalidad, y en la demanda deben alegarse todos y cada uno de los hechos necesarios para su validez, y sin tal alegación la demanda es fatalmente defectuosa y no determina hechos constitutivos de una causa de acción." *People* v. *Solomon,* 5 Utah 277; 15 Pac. Rep. 4.

El recurso se sostiene por el primero de sus fundamentos y nos abstenemos por tanto de considerar el segundo, aparte de que tampoco podríamos hacerlo por no tener ante nosotros todos los elementos probatorios aportados al juicio, faltando como faltan las constancias del récord de la causa criminal No. 1220, *El Pueblo de Puerto Rico* v. *Hernán Castés Salazar,* que fué presentado y admitido como prueba a instancia del demandante.

Es de revocarse la sentencia apelada y dictarse otra por la que se declare sin lugar la demanda.

> *Revocada la sentencia apelada y declarada sin lugar la demanda, sin especial condenación de costas.*

Jueces concurrentes: Sres. Asociados del Toro, Aldrey y Hutchison.

El Juez Asociado Sr. Wolf no intervino en la resolución de este caso.