[No. 8,233.  Department Two.—February 2, 1884.]

THE PEOPLE, RESPONDENT, v. C. E. BARNES ET AL.,
APPELLANTS.

CRIMINAL LAW — GRAND LARCENY — STEALING OF CATTLE. — Under section 487
of the Penal Code, the larceny of a bull, cow, steer, or calf is grand larceny, irre-
spective of the value of the property stolen.

ID. — COMPLAINT — BAIL BOND. — An averment in a complaint charging a defend-
ant with the larceny of "two head of cattle of the value of twenty-five dol-
lars each," the same being "the property of Page Bros.," is a sufficient charge
of the offense of grand larceny, and a bail bond given for the release of the
defendant is not void, on the ground that no offense was alleged, or that the
names of the owners of the property were not stated.

APPEAL from a judgment of the Superior Court of the county
of Solano, and from an order refusing a new trial.

The facts appear in the opinion of the court.

*George A. Lamont*, for Appellants.

*A. J. Buckles*, for Respondent.

MYRICK, J. — This is an action on a bail bond.  One Wilson
was arrested on a complaint charging him with grand larceny
in stealing "two head of cattle of the value of twenty-five dol-
lars each," "the cattle being the property of Page Bros."  The
magistrate held him to answer, and admitted him to bail in the
sum of one thousand dollars.  The bond in suit was given, and
he was released from custody.  He failed to appear, and the
bond having been declared forfeited, this action was brought.
The plaintiffs had judgment.

On the trial it was stipulated that Page Bros. was the firm
name of a copartnership, consisting of Charles Page, Frank
Page, and George Page, and that the cattle alleged to have been
taken were the property of the copartnership.

The defendants claim that the bond is void in that no offense
was alleged, the charge being that Wilson stole two cattle, with-
out specifying what kind of cattle, that the complaint did not
state the name of the owners, "Page Bros." being no statement
of the name, and that the magistrate had no jurisdiction to bind
him over, but should have proceeded to try him for a misde-
meanor, the value of the property not being more than fifty
dollars.

The word "cattle" is defined by Worcester to be "A collective name for domestic quadrupeds, including the bovine tribe, also horses, asses, mules, sheep, goats, and swine, but especially applied to bulls, oxen, cows, and their young." By section 487 of the Penal Code it is made grand larceny to steal "a horse, mare, gelding, cow, steer, bull, calf, mule, jack, jenny, goat, sheep, or hog." If the party charged stole a bull, cow, steer, or calf, it was grand larceny, irrespective of the value. The use of the word "cattle," which included at least all these, would not render the bail bond void. Neither would the use of the words "Page Bros." as designating the owners.

The judgment and order are confirmed.

THORNTON, J., and SHARPSTEIN, J., concurred.