[Crim. No. 359.   Third Appellate District.—June 15, 1916.]

## In the Matter of the Application of JOHN JUNE for a Writ of Habeas Corpus.

CRIMINAL LAW — ORDER SUSTAINING DEMURRER TO INFORMATION— DIRECTION FOR NEW INFORMATION—SECTION 1008, PENAL CODE.— In a prosecution for obtaining money under false pretenses, where the court sustained a demurrer to the information, and made an order directing "that the district attorney may file a new information on the proceedings heretofore had, or any other proceedings that the district attorney may elect, as prescribed by section 1008 of the Penal Code," the order was a direction by the court to proceed further under section 1008 of the Penal Code, and the discretion given the district attorney, if any, was merely to make an election as to which one of the courses pointed out in the section he should take, and he was authorized to proceed under the order to procure an indictment of the defendant for the offense charged in the information.

APPLICATION originally made to the District Court of Appeal for the Third Appellate District for a Writ of Habeas Corpus.

The facts are stated in the opinion of the court.

R. L. Thompson, and Phil Ware, for Appellant.

G. W. Hoyle, Assistant District Attorney, for Respondent.

CHIPMAN, P. J.—Petitioner was informed against by the district attorney of Sonoma County for the crime of obtaining money under false pretenses. Upon demurrer to the information the court made the following order, January 10, 1916: "This cause came on regularly for the defendant to plead. The district attorney and Phil Ware and R. L. Thompson, Esq., being present, it being agreed that defendant was present; Whereupon it is ordered by the court that the demurrer filed herein be and the same is hereby sustained, and the court directs that the district attorney may file a new information on the proceedings heretofore had, or any other proceedings that the district attorney may elect, as prescribed by section 1008 of the Penal Code."

Pursuant to said order the district attorney procured the indictment of petitioner by the grand jury for the same offense as that charged in the information, and petitioner was thereupon arrested upon a bench warrant and taken into custody by the sheriff, and is now held in imprisonment thereunder.

Petitioner seeks his discharge by writ of *habeas corpus* on the ground that said order was insufficient to justify the district attorney to proceed further in the action, for the reason that said order left the matter wholly in his discretion, whereas section 1008 of the Penal Code requires, as has frequently been held by the supreme court and the district courts of appeal, that such order should be mandatory, leaving no discretion whatever with the district attorney.

We think the order in question, fairly construed, was sufficient authority to justify the further proceedings taken by the district attorney.

The court filed an opinion, on January 10, 1916, giving its reasons for sustaining the demurrer. The concluding paragraph reads: "The court will sustain the demurrer to the information. I will make an order provided by section 1008 of the Penal Code. If the district attorney desires to amend it, he may, or take such other course as he may be advised. The court directs that a new information be filed in this case upon the examination already had, if the district attorney

desires, or the defendant may be re-examined by a magistrate or the matter may be submitted to a grand jury, or such course as the district attorney may elect to take, as provided by section 1008 of the Penal Code of this state.''

As we understand the record, the order entered was that first above quoted. But whether that be treated as the order in the case or the statement made in the opinion be the order, we still think that the district attorney was directed by the court to proceed further under section 1008 of the Penal Code, and the discretion given him, if any, was merely to make an election as to which one of the courses pointed out in the section he should take.

The writ is discharged and the prisoner remanded to the custody of the sheriff.

Hart, J., concurred.