[Civ. No. 4139. Second Appellate District, Division Two.—May 28, 1923.]

## J. L. COPELAND, Petitioner, v. SUPERIOR COURT OF LOS ANGELES COUNTY, etc., Respondent.

[1] CRIMINAL LAW — DEMURRER TO INDICTMENT — RESUBMISSION TO SAME GRAND JURY—DISCRETION.—Under section 1008 of the Penal Code, when a demurrer to an indictment is sustained, the superior court has the discretion to order the case resubmitted to the same grand jury that returned such indictment.

[2] ID.—MODES OF PROSECUTION—ELECTION—DELEGATION TO DISTRICT ATTORNEY.—In such a case, the superior court may delegate the choice of any one of the modes of prosecution provided in section 1008 of the Penal Code to the district attorney; and an order sustaining a demurrer to an indictment and directing that the case be "resubmitted to the grand jury," constitutes a determination

there should be further action on the part of the people by way of presentation of the matter looking toward an indictment, but permits the district attorney to elect whether to resubmit the matter to the grand jury which had voted the first indictment or to another grand jury.

APPLICATION for a Writ of Prohibition to prevent trial upon a second indictment returned by the same grand jury. Petition denied.

The facts are stated in the opinion of the court.

J. L. Copeland, *in pro. per.,* and Black, Hammack & Black for Petitioner.

Thomas Lee Woolwine, District Attorney, and A. H. Van Cott, Deputy District Attorney, for Respondent.

CRAIG, J.—On the seventeenth day of August, 1921, the petitioner was indicted by the grand jury of Los Angeles County for the crime of perjury. To this indictment a demurrer was interposed on the ground that it did not state facts sufficient to constitute a public offense, and the superior court ordered the same sustained, in making of which ruling the following language was used: "Demurrer to indictment sustained and case ordered resubmitted to the grand jury." The district attorney thereupon resubmitted the case to the same grand jury, and a second indictment was returned against the petitioner also charging him with perjury. It is not denied that this charge was based upon the same subject matter and facts as was the first. The petitioner alleges on information and belief that no witnesses were examined or evidence introduced before the grand jury in the time intervening between the returning by it of the first and second indictments.

In due time the petitioner moved the superior court to set aside the second indictment on the ground that it was not found, indorsed, and presented as prescribed in the Penal Code of California, and particularly section 995 thereof; and that the superior court had no jurisdiction of the subject matter of the action. This motion was denied, the defendant pleaded not guilty, and the case set for trial, and

upon application duly made an alternative writ of prohibition was issued by this court.

The petitioner insists that the grand jury finding the second indictment had no jurisdiction, because he asserts the order directing the resubmission of the cause does not comply with section 1008 of the Penal Code; and for the further reason that the grand jury had previously indicted the defendant for the same offense.

[1] As to petitioner's contention that a grand jury having found one indictment is disqualified to return a second upon the same facts, we have no doubt. This is a matter entirely within the authority of the legislature to regulate. It is one of procedure and hence does not infringe any substantial right of the defendant. (*People* v. *Schmidt*, 33 Cal. App. 426 [165 Pac. 555].) As the legislature possesses the power to prescribe the mode of procedure in prosecuting crimes, it might remove all restrictions upon the grand jury's right to reindict; also the district attorney might be given full discretion to determine when to proceed by a second indictment after demurrer sustained to the first. But the legislature has not seen fit to vest this discretion with the district attorney. On the contrary, it has expressly and carefully reserved the authority to determine how, if at all, further proceedings by way of prosecution shall be taken.

Section 1008 of the Penal Code, concerning the question at issue, provides: "If a demurrer is sustained and an amendment is not allowed, or if allowed, is not made, within such reasonable time as the court may fix, the court shall give a judgment of dismissal, which shall be a bar to another prosecution for the same offense. The defendant shall thereupon be discharged, unless the court directs the case to be submitted to the same or another grand jury, or directs a new information to be filed; provided that after such order or resubmission, the defendant may be examined before a magistrate, and discharged or committed by him, as in other cases." The case of *Terrill* v. *Superior Court*, 6 Cal. Unrep. 398 [60 Pac. 38], was decided in 1899, when the statute used the phrase, "to another grand jury," instead of "to the same or another grand jury," as it now reads. Hence, that decision can be of no assistance here.

In other cases the supreme court has emphasized its construction of section 1008 of the Penal Code upon the general proposition here under discussion. We refer to the fact that the theory upon which this legislation proceeds is that the lawmakers have vested in the court and not in the district attorney the discretion of deciding whether the district attorney shall proceed further against one who has been accused of a public offense in the pleading to which a demurrer has been sustained. Trial courts and district attorneys cannot mistake the language of *Ex parte Williams,* 116 Cal. 512 [48 Pac. 499], and *Ex parte Hayter,* 16 Cal. App. 211 [116 Pac. 370], in which the authority and duty of the former has been announced and the limitations of the latter most positively stated. Indeed, the meaning of the language of the code section is so clear that it should need no interpretation. It is equally apparent that the discretion and jurisdiction of the superior court does not end with determining whether or not there shall be any further prosecution; the mode of such further prosecution is also indisputably a matter for the court's decision.

Counsel for the people argue that the language used in this instance is sufficiently definite in directing that the case be resubmitted to the grand jury; that this language means the same grand jury. Petitioner responds as far as the record shows there may have been no grand jury in session when this order was made. We think this cannot be maintained, for both indictments were returned by the same grand jury, the second being subsequent to the making of the order in question. It follows that when the order was made the grand jury which returned the first indictment had not been discharged and was in existence.

[2] But we think the court's action must be sustained upon another ground. It has been held that the court may delegate the choice of any one of the modes of prosecution provided in section 1008 of the Penal Code to the district attorney (*Matter of Application of June,* 30 Cal. App. 767 [159 Pac. 452]). This was the effect of the order made in the present instance. By directing that the case be "resubmitted to the grand jury" the court determined that there should be further action on the part of the people by way of presentation of the matter looking toward an indictment, but permitted the district attorney to elect

whether to re-submit the matter to the grand jury which had voted the first indictment or to another grand jury. This the June case holds the trial court had a right to do.

The petition is denied.

Finlayson, P. J., and Works, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on July 26, 1923.