[Civ. No. 5611.  First Appellate District, Division Two.—March 4, 1926.]

## W. D. MITCHELL, Petitioner, v. SUPERIOR COURT OF FRESNO COUNTY et al., Respondents.

[1] Criminal Law — Indictment — Amendment—Common Law.—At common law an indictment, being the finding of a grand jury upon oath and depending upon this fact, among others, for its validity, cannot be amended by the court or the prosecuting officer in any matter of substance without the concurrence of the grand jury which presented it.

[2] Id.—Information—Common Law.—The use of an information as an accusation in a felony case did not exist at common law.

[3] Id.—Indictment—Character of Amendment—Time—Discretion. An indictment cannot be amended so as to change the offense charged, or an information so as to charge an offense not shown by the evidence taken at the preliminary examination; but an indictment or information may be amended within the above limits by the district attorney without leave of court, at any time before the defendant pleads, and such amendment within the above limits may also be made at any time thereafter, in the discretion of the court, where it can be done without prejudice to the substantial rights of the defendant.

[4] Id.—Charge in Indictment—Substantial Rights of Defendant —Jurisdiction.—That the provisions of section 1008 of the Penal Code shall not be so followed as to trespass upon any of the

---

1.  See 14 R. C. L. 192.
2.  See 14 Cal. Jur. 8.
3.  See 14 Cal. Jur. 92; 14 R. C. L. 193.

rights of the defendant, the power to determine when a change is of such nature as to affect the substantial rights of the defendant has been given to the trial court and not to the prosecuting officer.

[5] ID.—DEMURRER TO INDICTMENT—SUSTAINING WITHOUT ALLOWING AMENDMENT—DISMISSAL—SECTION 1008, PENAL CODE.—Under section 1008 of the Penal Code, the trial court, upon sustaining a demurrer to an indictment, is not required to dismiss the indictment, but may order the matter resubmitted to the grand jury, even though no amendment of such indictment is sought or allowed.

[6] ID.—STATUTORY CONSTRUCTION—PUNCTUATION.—Punctuation may be of assistance, but does not necessarily control in interpreting a statute.

---

(1) 31 C. J., p. 823, n. 41.   (2) 31 C. J., p. 570, n. 80.   (3) 31 C. J., p. 824, n. 51.   (4) 31 C. J., p. 824, n. 51.   (5) 31 C. J., p. 600, n. 62 New.   (6) 36 Cyc., p. 1117, n. 17, p. 1118, n. 18.

PROCEEDING in Mandamus to compel the Superior Court of Fresno County to dismiss an indictment. Charles R. Barnard, Judge. Writ denied.

The facts are stated in the opinion of the court.

Geo. Cosgrave and Cosgrave & Barstow for Petitioner.

George R. Lovejoy, District Attorney, Ernest Walling and C. M. Ozias, Deputies District Attorney, for Respondents.

STURTEVANT, J.—This is an application by the petitioner against the respondent as the Superior Court to obtain a writ of *mandamus*. Among other things the petitioner alleged that on the twenty-second day of December, 1925, the grand jury of Fresno County returned an indictment against him; that on December 31, 1925, the petitioner was arraigned and at said time he demurred to the indictment; that thereafter, on the fourth day of January, 1926, the court made an order "that the demurrer be and it is hereby sustained and that the matter be submitted to the present grand jury"; that no amendment of said indictment was sought and no amendment was allowed; that on January

---

5.   See 14 Cal. Jur. 85.

6.   Punctuation as affecting construction of statute, note, 10 Ann. Cas. 1083.   See, also, 23 Cal. Jur. 733; 25 R. C. L. 965.

9, 1926, the petitioner moved the trial court for an order dismissing the first indictment; and that on the twenty-seventh day of January, 1926, the trial court made an order denying said motion. As an exhibit attached to the petition the petitioner sets forth a copy of said indictment and from said copy it appears that said indictment was filed on December 22, 1925, and purported to charge that the petitioner did, on the twentieth day of April, 1923, commit a felony, to wit, violate the provisions of section 561 of the Penal Code. In the prayer to his petition the petitioner asks that this court direct the respondent court to enter a judgment of dismissal. A determination of the case involves an interpretation of section 1008 of the Penal Code.

Before taking up the provisions of the statute it is necessary to bear in mind certain historical matters none of which may be questioned and yet all of them throw much light on provisions of the statute that is particularly before us. [1] At common law an indictment, being the finding of a grand jury upon oath and depending upon this fact, among others, for its validity, cannot be amended by the court or the prosecuting officer in any matter of substance without the concurrence of the grand jury which presented it. [2] The use of an information as an accusation in a felony case did not exist at common law. In 1850, and continuously since, the law has provided that when the trial court sustains a demurrer to an indictment, the court can order the case resubmitted. Whether the particular offense was prosecuted by indictment or by information the power of the trial court or of the prosecuting officer to amend it was not by express language conferred prior to the year 1911. However, commencing with the year 1880 legislation has been adopted for the purpose of preventing an entire miscarriage of justice because of defects in pleading. [3] At the present time, giving full allowance to all of the new statutes, an indictment cannot be amended so as to change the offense charged, or an information so as to charge an offense not shown by the evidence taken at the preliminary examination. An indictment or information may be amended within above limits by the district attorney without leave of court, at any time before the defendant pleads. Such amendment within above limits may also be made at any time thereafter, in the discretion of the court, where it can be done without

prejudice to the substantial rights of the defendant.
[4] That the provisions of the statute shall not be so fol-
lowed as to trespass upon any of the rights of the defend-
ant, the power to determine when a change in the accusation
is of such a nature as to affect the substantial rights of the
defendant has been given to the trial court and not to the
prosecuting officer. (*Copeland* v. *Superior Court*, 62 Cal.
App. 316 [217 Pac. 573], and cases there cited.) When a
demurrer is interposed to the indictment or information, one
of several different defects may appear. It may appear
from an examination of the face of the accusation (1) that
the offense pleaded is barred by the statute of limitations;
(2) that there has been made a typographical or other minor
mistake not going to the substantial rights of the defendant;
(3) that there has been an omission to plead some material
element in the alleged offense and which does go to the
substantial rights of the defendant; and (4) there may arise
other situations and conditions not necessary to enumerate
at this time. If in a given case the contingency first
enumerated arises and it is not claimed that the dates have
been incorrectly pleaded, it may be assumed that the demur-
rer will be sustained and, as no amendment or change is
possible which will avoid the dilemma, it is clear that it will
be an idle act for the trial court to direct an amendment,
or to direct that a new information be filed, or to direct that
the cause be resubmitted to a grand jury. If the second con-
tingency arises it is equally patent that if the trial court is
of the opinion that a defect can be cured by an amendment
and the amendment will not go to the substantial rights of the
defendant, that then and in that event the trial court will
make its order allowing the amendment in accordance with
the justice of the case as the facts may appear. (*People* v.
*Olsen*, 64 Cal. App. 126 [220 Pac. 444].) In the third con-
tingency above stated, as we have already shown, no
amendment, in the proper use of that expression, can be
made, as it will affect the substantial rights of the defendant,
and the statute provides that the trial court may order the
cause resubmitted to the grand jury, and in that event the
statute authorizes the prosecuting officer so to proceed as to
get another indictment returned or cause another examina-
tion to be held and later file another information. (*People*
v. *Cockrill*, 62 Cal. App. 22 [216 Pac. 78, 81].) But in no

proper sense can it be said that when the second pleading comes in it is within the contemplation of the statute an amended indictment or an amended information, but it is a new indictment or a new information.

[5] The record before us does not disclose what was claimed to be the defect in the first indictment filed against the petitioner. However, from the allegations of the petition it appears that no amendment was asked or allowed. We may assume, therefore, that the defect, if any, was at least claimed to be one which went to the substantial rights of the defendant. This assumption is fortified by the terms of the order sustaining the demurrer and which directed the case to be submitted to the grand jury. The court was therefore considering an instance where in its judgment a change was necessary but which change, if made, was one of those changes which must be made with the authority first obtained from the grand jury. The court was considering a new indictment, not an amendment. To such a change the petitioner would apply that sentence contained in the section which reads as follows: "If a demurrer is sustained and an amendment is not allowed, or if allowed, is not made, within such reasonable time as the court may fix, the court shall give a judgment of dismissal, which shall be a bar to another prosecution for the same offense." That sentence standing alone is limited to amendments and not to new indictments and is not helpful under the facts of this case. However, we think that the remaining portion must also be applied. It is as follows: "The defendant shall thereupon be discharged, unless the court directs the case to be submitted to the same or another grand jury, or directs a new information to be filed; provided that after such order or resubmission, the defendant may be examined before a magistrate, and discharged or committed by him, as in other cases." The whole section must be so interpreted as to give some force and effect, if possible, to each and every clause therein contained. The very purpose of the amendments to the section was to prevent miscarriages of justice—not to create them. The section clearly provides that in a proper case it will be the duty of the trial court to direct the case to be submitted to the same or another grand jury, or to direct a new information to be filed. The contention made by the peti-

tioner will give no force or effect whatsoever to that part of the section just quoted.

In short, the position of the petitioner rests on the assumption that the phrase "unless the court" limits the antecedent "discharged." In this behalf the petitioner confidently asserts the statute is so punctuated. [6] The vice of his position rests on the conclusion that punctuation is a cardinal rule of interpretation. It may be of assistance, but punctuation does not necessarily control in interpreting a statute. In *French* v. *Teschemaker et al.*, 24 Cal. 518, commencing on page 553, Mr. Justice Sanderson, speaking for the court, said: "To construe a statute, is to search after the legislative intent as expressed in the language of the statute. 'The end of construction is to find what was the intent and meaning, and to clear up that meaning, when obscure; to ascertain the sense of ambiguous words; to determine the design when imperfectly expressed.' (Smith's Commentaries, 692.) The search, if need be, must not be confined to the doubtful passages, or words, but may be extended to every provision of the act. In interpreting the letter of the statute, punctuation may be entirely disregarded, and the rules of grammar need not be strictly followed. . . . Statutes are to be read without breaks or stops, and we have therefore omitted the punctuation. The foregoing is but one clause, and has but one subject, viz.: exemption from personal liability. In order to get its full meaning, we read all that is said upon that subject, aided by the legal presumption that no word is idle or useless, and that each has its office to perform in giving expression to the legislative intent; . . . And so in *City of Covington* v. *McNickel's Heirs*, 18 B. Mon. (Ky.) 286, say the Court of Appeals of Kentucky: 'A well known rule for the construction of statutes—which, though ancient, is always adhered to—is that the general words in one clause of a statute may be restrained by the particular words in a subsequent clause of the same statute.' (See, also, Dwarris on Statutes, 765.)''

In *People* v. *Sassovich*, 29 Cal. 480, on page 483, the same able jurist, speaking for the court, said: "A qualifying phrase does not always bear relation to a single word, noun or pronoun, as its antecedent; on the contrary it may, and frequently does, have another phrase or sentence as its object of relation. Treating the question, then, as a question in

grammar only, may it not be claimed with equal certainty that the entire phrase 'fourteen judicial districts' is the antecedent of the phrase 'subject to be altered.' "

In *Randolph* v. *Bayue*, 44 Cal. 366, at page 369, Mr. Justice Rhodes, speaking for the court, said: "The first section of the Act of 1868, is in the same words as the first section of the Act of 1850, except that the word 'seven' is inserted in the Act of 1868 in place of the word 'ten,' in the Act of 1850; but in the Act as printed in the statutes of 1867–8, semicolons are in two places inserted where commas are found in the Act of 1850. These are obviously clerical or typographical errors; but if such were not the case, the punctuation would not be permitted to have the effect to render the statute absurd."

In *Joseph B. Dunn & Sons* v. *Brager*, 116 Md. 242 [81 Atl. 516, at page 519], the supreme court of Maryland stated its conclusion and the reasons therefor as follows: "This purpose will be made clear by striking out the period after the word 'counties,' changing the capital 'E' in the word 'every' to a small 'e,' and inserting a comma after the word 'same.' The period and the capital 'E' following break into two sentences what was evidently designed to be one sentence, and destroy what would otherwise be the clear meaning of the language used. Almost the identical change now proposed was made in *Manger* v. *Board of Examiners,* 90 Md. 659 [45 Atl. 891], Judge McSherry saying: 'Neither bad grammar nor inaccurate punctuation can alter the obvious sense of a legislative enactment. This is necessarily so. The statutes in England are not punctuated in the original rolls; but more or less marks of punctuation appear in them as printed, by authority. With us, the punctuation is the work of the draftsman, the engrossers, or the printers. In the legislative body, the bills are *read,* so that the ear, not the eye, takes cognizance of it. Therefore the punctuation is not, in either country, of controlling effect in the interpretation.' The same view is held by other courts of high standing. In *Martin* v. *Gleason,* 139 Mass. 183 [29 N. E. 664], the court said, 'Punctuation may sometimes be properly disregarded.' In *Gyger's Estate,* 65 Pa. 311, Judge Sharswood said, 'No punctuation ought to control a statute,' and in *Randolph* v. *Bayue,* 44 Cal. 366, the court said,

'Punctuation cannot be permitted an effect which would lead to absurdity.' "   (And see 10 Ann. Cas. 1083.)

Being guided by the foregoing rules, the latter half of section 1008 of the Penal Code should be read as though it were worded as follows: "If a demurrer is sustained and an amendment is not allowed, or, if allowed, is not made, within such reasonable time as the court may fix, the court shall give a judgment of dismissal, which shall be a bar to another prosecution for the same offense, and the defendant shall thereupon be discharged, unless the court directs the case to be submitted to the same or another grand jury, or directs a new information to be filed; provided that after such order of resubmission, the defendant may be examined before a magistrate, and discharged or committed by him as in other cases." So construing the statute it is clear that the petitioner was not entitled to have any dismissal entered as of the date he made his motion.

The writ is denied.

Nourse, J., and Langdon, P. J., concurred.

A petition by a petitioner to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on April 29, 1926.