## BASSETT et al. v. UNITED STATES.

Circuit Court of Appeals, Ninth Circuit. May 3, 1927.

No. 4920.

1. Bail ☞55—State law prescribing form and wording of bail undertakings, if applicable in federal court, does not require literal following of form.

State statutes prescribing form and wording of bail undertakings, if applicable in federal courts, are so directory as not to require a literal following of such form, and bond in proper case, stating usual and well-understood obligation of principal and sureties, will not be held invalid because prescribed words or particular language of statute are not employed.

2. Courts ☞265—Federal courts may issue writs of scire facias, though state does not recognize proceeding (Judicial Code, § 262 [Comp. St. § 1239]).

Under Judicial Code, § 262 (Comp. St. § 1239), federal courts may issue writs of scire facias, notwithstanding that proceeding is unknown in state wherein federal court employs it.

3. Courts ☞344(5)—State law held without effect in fixing return time of writ of scire facias issued by federal court (Judicial Code, § 262 [Comp. St. § 1239]).

State law held without effect in fixing return time of writ of scire facias issued by federal court pursuant to Judicial Code, § 262 (Comp. St. 1239), since as a special proceeding the return time is regulated by order of court inserted in the writ.

In Error to the District Court of the United States for the District of Nevada; Edward S. Farrington, District Judge.

Scire facias by the United States against C. W. Bassett, A. Pincolini, and G. D. Madalena. Judgment for the United States against defendants Pincolini and Madalena, and they bring error. Affirmed.

M. B. Moore, of Reno, Nev., for plaintiffs in error.

H. H. Atkinson, U. S. Atty., of Reno, Nev., and George A. Whiteley, Asst. U. S. Atty., of Carson City, Nev.

Before RUDKIN, Circuit Judge, and SAWTELLE and JAMES, District Judges.

JAMES, District Judge. Judgment was entered against plaintiffs in error, A. Pincolini and G. D. Madalena, for want of appearance or answer upon the return of scire facias. The persons named were sureties on a bail bond taken before a United States commissioner, the obligation of which was that one C. W. Bassett would appear in the United States District Court for the District of Nevada and answer a charge of conspiracy; otherwise, that the principal and sureties would pay to the United States the sum of $10,000. The writ was issued on the 28th day of January, 1926. The return time fixed therein was the 8th day of February, 1926. Service of the writ was made by the United States marshal on the sureties on January 29, 1926. The principal on the bond (the defaulting defendant in the criminal case) could not be found. There was recited in the writ all necessary facts to fully apprise the respondents of the issues; the writ was fuller in such statement than was held sufficient in Hollister v. United States (C. C. A. 8) 145 F. 773. The judgment, which was in written form and signed by the judge, was filed in the clerk's office after the time for appearance had passed on the 8th day of February, 1926, and it, in turn, contained a complete and sufficient statement of the facts as the court found them to be.

After judgment had been filed, and at a late hour on the same day, plaintiffs in error filed with the clerk a notice that they would, on February 11, 1926, move to rescind the order forfeiting the bail, and move to dismiss the scire facias. On February 11th they filed a demurrer to the writ. On February 26th the court, on motion of the United States attorney, struck from the files the demurrer and notices of motions referred to. On April 21, 1926, a motion and supplemental motion to vacate the judgment on scire facias, which had theretofore been presented, were denied.

The United States attorney has made the point that the specification of errors does not sufficiently state a question for review as as against the judgment, and that the errors assigned, as to rulings on the motions made after judgment, are not reviewable. Without approving the sufficiency of the assignment, or the right of plaintiffs in error to question here the orders denying their several motions,

attention will be given to the principal questions argued.

Counsel for plaintiffs in error makes the following contentions:

First. That scire facias, being a proceeding unknown to the law of Nevada, cannot be used to enforce collection of a forfeited bail bond.

Second. That, if the writ can be so used in the federal judicial district of Nevada, it must allow the respondents 20 days within which to answer, as required under a summons in suits in the courts of that state; or the return time must be 15 days, which is the period fixed by a rule of the United States District Court in the Nevada District for answer in law actions.

Third. That the bail bond forfeited was not in proper form, nor was it taken at such a point in the criminal proceeding as would make it a valid obligation under the law of the state of Nevada.

[1] Answering the third contention first: In addition to the reference to Hollister v. United States, given above, and agreeing that the procedure in the taking of bail before United States commissioners agrees substantially with that followed by committing magistrates in the state where the commissioner acts (United States v. Zarafonitis [C. C. A. 5] 150 F. 97, 10 Ann. Cas. 290), it is sufficient to say that the bail bond here exhibited is not shown by the record to have been taken at a time when the commissioner was not authorized to receive or approve it. The bond in express terms guaranteed that Bassett would appear in the United States District Court when required to answer the conspiracy charge. It was not a bond for appearance of Bassett before the commissioner for examination, and did not state such a requirement. Statutes prescribing the form and wording of bail undertakings (there is such a state statute in Nevada), even if applicable to bail in federal courts, are so far directory as not to require a literal following of such form. If a bond is taken in a proper case, and it states the usual and well-understood obligation of the principal and sureties, it will not be held invalid because all of the prescribed words, or the particular language of a statute, are not employed, unless the statute itself makes the special form a matter of substance to the statement of a valid bail contract. The necessary terms of such a bond are simple, and not possible of great variation in their substance.

The contentions which we have designated as first and second may be considered together: Scire facias, while in form a writ, includes also a declaration, which advises the respondent of the facts constituting the ground upon which it is issued and the right by which an answer is required to be made. In some decisions the proceeding has been called "an action." One of the characteristic features is that it both states a cause of action and contains the mandate of the court to the respondent that he appear before the court at a specified time and answer. It has always been considered as initiating a proceeding, in its nature summary, and entirely different and distinct from other classes of actions and causes. It had several uses under the earlier common-law practice, none of which was more frequently served than that to which it was here put. Jones' Blackstone, vol. 2, §§ 334, 538, 542, 547.

[2, 3] Section 262, Judicial Code (Comp. St. § 1239), declares that "the Supreme Court and the District Courts shall have power to issue writs of scire facias." Occupying, as does scire facias, a special place as an authorized proceeding in the federal practice, it has, for want of federal statutory restriction, all the incidents of its common-law origin. The claim that the conformity statute makes its use of varying choice, dependent upon the changing notions of state Legislatures, suggests a fettering of federal court procedure neither desirable nor contemplated by Congress. The decisions sustain the conclusions: Insley v. United States, 150 U. S. 512, 14 S. Ct. 158, 37 L. Ed. 1163; Collin County National Bank, etc., v. Hughes (C. C. A. 8) 152 F. 414; Universal Transportation Co., Inc., v. National Surety Co. (D. C.) 252 F. 293, affirmed in (C. C. A. 2) 256 F. 450.

As a special proceeding, the return time, by practice and usage, is regulated by order of the court inserted in the writ. The rule of the District Court, prescribing how actions shall be commenced and what the summons shall contain, does not include writ proceedings. By the reasoning before expressed, and sustained in the cases cited, the law of Nevada was without effect in fixing the return time of a writ of scire facias. See, also, Shepard v. Adams, 168 U. S. 618, 18 S. Ct. 214, 42 L. Ed. 602.

The judgment, and the several orders which the writ purports to present for review, are affirmed.