[Civ. No. 5054.  Second Appellate District, Division One.—July 11, 1927.]

COUNTY OF LOS ANGELES, Respondent, v. EVELYN RICKERT et al., Appellants.

Woolwine & Geisler and Leonard M. Comegys for Appellants.

Edward T. Bishop, County Counsel, and Roy W. Dowds and Arthur T. George, Deputies County Counsel, for Respondent.

McLUCAS, J., *pro tem.*—Action on a bail bond. Defendants appeal on the judgment-roll alone.

Appellants concede that all the facts are contained in the findings of the trial court. According to the findings, there was filed on December 9, 1921, in the superior court of the

state of California, in and for the county of Los Angeles, an indictment entitled *"People of the State of California* v. *W. S. Kirby,"* being case No. 17,481, wherein the defendant was charged with the crime of bribery. On said day the court admitted said defendant to bail in the sum of ten thousand dollars and ordered that he be committed to the custody of the sheriff of Los Angeles County until he give such bail. On December 10th the defendant was duly arraigned on said charge. On the thirteenth day of December a demurrer to said indictment was duly filed, and on December 14th said demurrer was sustained. The court ordered the said cause to be resubmitted to the grand jury of the county of Los Angeles, and that the defendant be remanded to the custody of the sheriff. Thereafter, on the seventeenth day of December, the defendants above named made and executed the bail bond sued upon herein. On said date the said bail bond was duly approved by the court and filed with the county clerk. By reason of the execution and filing of said bail bond, defendant Kirby was released from the custody of the sheriff on December 17th. Thereafter, on December 27th, there was filed in said court an indictment No. 17,569, wherein the defendant Kirby was charged with the same offense set forth in said indictment No. 17,481, to wit, the crime of bribery. On January 4, 1922, said defendant Kirby being present in court, said court, with the consent of said defendant Kirby, made an order consolidating said case No. 17,481 and said case No. 17,569, and ordered that said bail bond theretofore given in case No. 17,481 should stand as the bail bond in the consolidated case No. 17,569. Said case was duly and regularly continued to January 16, 1922. Upon said day defendant Kirby was duly arraigned in said court upon the said indictment in case No. 17,569, and the trial thereon was set down for hearing on May 1, 1922. On said last-named date the trial was continued to May 18th, on which date said defendant Kirby failed to render himself amenable to the order and process of said court. Whereupon the court ordered the forfeiture of said bond, and said forfeiture was duly entered upon the minutes of the court. The defendants herein have failed and refused to pay to the county of Los Angeles the said sum of ten thousand dollars, or any part thereof. The bail bond executed by defendants was executed and filed by the de-

fendants in case No. 17,481 after the demurrer to the indictment in said case had been sustained, and before the new indictment, No. 17,569, had been returned by the grand jury. After said order of consolidation no further proceedings were had under case No. 17,481, and no indictment other than the said indictment No. 17,569 was ever returned against Kirby after the demurrer was sustained to said indictment No. 17,481. The trial court also found that said Kirby was being tried when he absented himself from court without leave on said new indictment No. 17,569, with which case No. 17,481 had been consolidated as aforesaid. Neither of the defendants herein knew of or consented to any order or proceeding in either case No. 17,481 or case No. 17,569 other than the approval of said bail bond and the release of defendant Kirby on said bond. The trial court did not at the time it sustained the demurrer to said indictment No. 17,481, nor at any time thereafter, allow an amendment thereto. Said indictment No. 17,569 was based solely on the same state of facts as indictment No. 17,481. The trial court rendered judgment for plaintiff in the sum of ten thousand dollars and costs.

■ Appellants urge the following grounds for reversal: (1) The court erred in overruling defendants' demurrer herein; (2) That the judgment is not sustained by the facts and is against the law. In support thereof, appellants first advance the proposition that the sustaining of the demurrer to the first indictment without allowing an amendment determined proceedings and constituted a bar to further prosecution for said offense and effected an exoneration of bail. The only ruling of the trial court on the demurrer to that indictment was that the demurrer be sustained, and the court then and there ordered the said cause to be resubmitted to the grand jury. In our opinion the following provisions of the Penal Code are determinative of the foregoing proposition (italics ours):

"Sec. 1008. An indictment or information may be amended by the district attorney without leave of court, at any time before the defendant pleads. Such amendment may be made at any time thereafter, in the discretion of the court, where it can be done without prejudice to the substantial rights of the defendant. An indictment cannot be amended so as to change the offense charged, nor an in-

formation so as to charge an offense not shown by the evidence taken at the preliminary examination. If a demurrer is sustained and an amendment is not allowed, or if allowed, is not made, within such reasonable time as the court may fix, the court shall give a judgment of dismissal, which shall be a bar to another prosecution for the same offense. The defendant shall thereupon be discharged, *unless the court directs the case to be submitted to the same or another grand jury,* or directs a new information to be filed; provided that after such order of resubmission, the defendant may be examined before a magistrate, and discharged or committed by him as in other cases.

"Sec. 1009. If the court does not permit the information to be amended, nor direct that an information be filed, *or that the case be resubmitted,* as provided in the preceding section, the defendant, if in custody, must be discharged, or if admitted to bail, his bail exonerated, or if he has deposited money instead of.bail, the money must be refunded to him.

"Sec. 1010. *If the court directs that the case be resubmitted,* the same proceedings must be had thereon as are prescribed in sections nine hundred and ninety-seven and nine hundred and ninety-eight.

"Sec. 997. The motion (to set aside indictment) must be heard at the time it is made, unless for cause the court postpones the hearing to another time. If the motion is denied, the defendant must immediately answer the indictment or information, either by demurring or pleading thereto. If the motion is granted, the court must order that the defendant, if in custody, be discharged therefrom; or, if admitted to bail, that his bail be exonerated; or, if he has deposited money instead of bail, that the same be refunded to him, *unless it directs that the case be resubmitted to the same or another grand jury,* or that an information be filed by the district attorney; provided, that after such order of resubmission the defendant may be examined before a magistrate, and discharged or committed by him, as in other cases, if before indictment or information filed he has not been examined and committed by a magistrate.

"Sec. 998. *If the court directs the case to be resubmitted* or an information to be filed, the defendant, if already in custody, must so remain, *unless he is admitted to bail; or, if*

*already admitted to bail, or money has been deposited instead thereof, the bail or money is answerable for the appearance of the defendant to answer a new indictment or information;* and, unless a new indictment is found or information filed before the next grand jury of the county is discharged, the court must, on the discharge of such grand jury, make the order prescribed by the preceding section."

Appellants' position is, in our opinion, untenable.

Appellants claim that section 1008 of the Penal Code lays down an absolute rule that the trial judge must determine at the time if further proceedings are to be had on the original facts, as stated (defectively) in the original indictment, and, if so, allow an amendment; otherwise further proceedings are barred for the same offense, and that the only order the court could make thereafter was one of dismissal. In support of the foregoing, appellants rely on the following sentence appearing in section 1008 of the Penal Code: "If a demurrer is sustained and an amendment is not allowed, or if allowed, is not made, within such reasonable time as the court may fix, the court shall give a judgment of dismissal, which shall be a bar to another prosecution for the same offense." Apparently appellants have lost sight of the sentence immediately following, which reads: "The defendant shall thereupon be discharged, unless the court directs the case to be submitted to the same or another grand jury, or directs a new information to be filed." It has been held in the recent case of *Mitchell* v. *Superior Court,* 76 Cal. App. 734 [245 Pac. 1109], that 'the foregoing should be read in one sentence, as though it were worded as follows: "If a demurrer is sustained and an amendment is not allowed, or, if allowed, is not made, within such reasonable time as the court may fix, the court shall give a judgment of dismissal, which shall be a bar to another prosecution for the same offense, and the defendant shall thereupon be discharged, unless the court directs the case to be submitted to the same or another grand jury, or directs a new information to be filed; provided that after such order of resubmission, the defendant may be examined before a magistrate, and discharged or committed by him as in other cases." In that case the petitioner sought to obtain a writ of *mandamus* directing the trial court to enter

a judgment of dismissal, alleging that the grand jury had returned an indictment against him; that he demurred to the indictment and the court made an order "that the demurrer be and it is hereby sustained and that the matter be submitted to the present grand jury"; that thereafter petitioner moved the trial court for an order dismissing the indictment, which was denied. The court said (page 579): "The record before us does not disclose what was claimed to be the defect in the first indictment filed against the petitioner. However, from the allegations of the petition it appears that no amendment was asked or allowed. We may assume therefore that the defect, if any, was at least claimed to be one which went to the substantial rights of the defendant. This assumption is fortified by the terms of the order sustaining the demurrer and which directed the case to be submitted to the grand jury. The court was therefore considering an instance where in its judgment a change was necessary but which change, if made, was one of those changes which must be made with the authority first obtained from the grand jury. The court was considering a new indictment, not an amendment. To such a change the petitioner would apply that sentence contained in the section which reads as follows: 'If a demurrer is sustained and an amendment is not allowed, or if allowed, is not made, within such reasonable time as the court may fix, the court shall give a judgment of dismissal, which shall be a bar to another prosecution for the same offense.' That sentence standing alone is limited to amendments and not to new indictments and is not helpful under the facts of this case. However, we think that the remaining portion must also be applied. It is as follows: 'The defendant shall thereupon be discharged, unless the court directs the case to be submitted to the same or another grand jury, or directs a new information to be filed; provided that after such order of resubmission, the defendant may be examined before a magistrate, and discharged or committed by him, as in other cases.' The whole section must be so interpreted as to give some force and effect if possible to each and every clause therein contained. The very purpose of the amendments to the section was to prevent miscarriage of justice—not to create them. The section clearly provides that in a proper

case it will be the duty of the trial court to direct the case to be submitted to the same or another grand jury, or to direct a new information to be filed. The contention made by the petitioner will give no force or effect whatsoever to the part of the section just quoted.'' The writ was denied. It has been squarely decided in the case of *Copeland* v. *Superior Court*, 62 Cal. App. 316 [217 Pac. 573], that a criminal prosecution ''is not at an end'' under Penal Code, section 1008, when the court rules, ''Demurrer to indictment sustained and case ordered resubmitted to the grand jury''; and that a new indictment on the same facts for the same offense is valid. The court said (page 319) : ''Indeed, the meaning of the language of the code section is so clear that it should need no interpretation. It is equally apparent that the discretion and jurisdiction of the superior court does not end with determining whether or not there shall be any further prosecution; the mode of such further prosecution is also indisputably a matter for the court's decision. . . . It has been held that the court may delegate the choice of any one of the modes of prosecution provided in section 1008 of the Penal Code to the district attorney (*Matter of Application of June*, 30 Cal. App. 767 [159 Pac. 452]). This was the effect of the order made in the present instance. By directing that the case be 'resubmitted to the grand jury' the court determined that there should be further action on the part of the people by way of presentation of the matter looking toward an indictment, but permitted the district attorney to elect whether to resubmit the matter to the grand jury which had voted the first indictment or to another grand jury. This the June case holds the trial court had a right to do.'' In *People* v. *Follette*, 74 Cal. App. 178 [240 Pac. 502], the court said, at page 185: ''As to the power of the grand jury to return a second indictment against a defendant for the same offense charged in the first, the rule is stated in Corpus Juris as follows: 'It is generally held that a grand jury may find a valid indictment notwithstanding another indictment is pending against accused for the same offense, and the pendency of the other indictment, where there has been no conviction or jeopardy thereon, is not ground for a plea either in abatement or in bar of the second indictment, . . . although as

a rule accused can be tried or put in jeopardy only on one. It has been so held, even though defendant has been arraigned and a plea of not guilty entered on the first indictment.' (31 C. J., p. 598.) Numerous authorities are cited by the author of the above work in support of this rule, and they appear generally to sustain the text.''

Appellants' second proposition is that the original indictment being out and ''the case at an end,'' no valid order of consolidation could be made. Having seen from the foregoing authorities that the case was not at an end when the court ''ordered said case to be resubmitted to the grand jury,'' we believe the order of consolidation was valid, and that defendants were thereafter bound as sureties on the original bail bond. Section 998 of the Penal Code provides that if the court directs the case to be resubmitted, the defendant, if already in custody, must so remain, unless he is admitted to bail. In the case at bar, defendant was in custody when the court ordered the case to be resubmitted on December 14th, and he was admitted to bail on December 17th, after said order was made. The bond in case number 17,481 recited the filing of the indictment charging the defendant Kirby with the crime of bribery, and further recited that an order of court had been made on December 19th · (17th) admitting defendant to bail. The condition of the bond was that the defendant's sureties ''undertake that the above named W. S. Kirby will appear and answer the charge above mentioned in whatever court it may be prosecuted, and will at all times hold himself amenable to the orders and process of the court, and if convicted, will appear for judgment and render himself in execution thereof.'' Thereafter the defendant was charged with the identical offense of bribery in case number 17,569, and the cases were ordered consolidated and the defendant held under the original bond. The defendant was released from custody solely by virtue of the executing and filing of the bail bond as provided in section 998. As the case was not at an end, the second indictment was valid and a part of the same proceeding. The only purpose in admitting defendant Kirby to bail as provided in section 998 was to insure the appearance of the defendant to answer a new indictment; otherwise the defendant must be held in custody

until a new indictment is returned or the grand jury fails to act. Section 998 expressly provides that if the defendant is already admitted to bail, where the court directs the case to be resubmitted to the grand jury, the bail is answerable for the appearance of the defendant to answer a new indictment. There can be no other or different purpose in admitting defendant to bail after the case has been ordered to be resubmitted to the grand jury than to insure the appearance of the defendant to answer a new indictment. Defendant Kirby failed to appear to answer the new indictment, and defendants became liable as sureties.

In view of the foregoing, we are unable to see in what manner the bond failed to comply with the statute, as contended by appellants, since the bond substantially conformed to the requirements of section 1287 of the Penal Code.

■ The fact that the preliminary recitals in the bond did not set forth all the facts, to wit, that the demurrer to the indictment referred to has been sustained, and that the case had been resubmitted to the grand jury, can be of no avail as a defense on the bond, as sufficient facts were given to identify the defendant and the action pending against him. The sureties cannot expect or require that every detail connected with the imprisonment of the defendant be set forth in the bond. The bond herein could not have designated the offense any more accurately than it did. It referred to indictment number 17,481, because that was the only indictment pending against defendant Kirby. The new indictment not having been returned and the old indictment not having been dismissed, it was a matter of record that the demurrer to that indictment had been sustained, and that the defendant was in custody to await the action of the grand jury to which the charge mentioned in said indictment number 17,481 had been referred. If the bond when executed was to refer to any indictment at all, it must of necessity have referred to indictment number 17,481, for the reason that the new indictment had not yet been returned. ■ The authorities do not require that the bail bond shall describe the offense with the same particularity as is required of the indictment. (*People* v. *Barnes,* 65 Cal. 16 [2 Pac. 493].) It is not essential to the validity of a bail bond that it recite the special circumstances under which it was taken. (Corpus Juris, p. 1003, sec. 244.)

Appellants assert that Kirby was in court and in custody when arraigned on the new indictment, and the bond became void. At no time was defendant Kirby in custody after he was released upon the bond executed by the defendants, though he did appear for arraignment under the new indictment and regularly entered his plea thereto. The appearance of the defendant before the court for arraignment and plea did not release the sureties on the bail bond where the undertaking is that "the defendant will at all times hold himself amenable to the orders and process of the court, and if convicted, will appear for judgment and render himself in execution thereof." (20 A. L. R. 589, note, and cases cited.)

For the reasons stated the judgment is ordered affirmed.

Houser, Acting P. J., and York, J., concurred.