[Civ. No. 5464. Second Appellate District, Division Two.—June 22, 1929.]

COUNTY OF LOS ANGELES, Respondent, v. M. J. DELAHUNT et al., Defendants; MRS. H. C. EGGLESTON, Appellant.

Sherrer & McCarty and Frank C. Sherrer for Appellant.

E. W. Mattoon, County Counsel, and McIntyre Faries, Deputy County Counsel, for Respondent.

CRAIG, J.— The respondent County of Los Angeles instituted an action upon a bail bond furnished by one James E. Merritt and signed by the defendants Delahunt and Eggleston. Mrs. Eggleston's demurrer to the complaint having been overruled, she was given ten days within which to answer, but failed to do so, whereupon her default was entered. Judgment was accordingly rendered, entered and docketed against the last-named defendant for the amount specified in the undertaking, with interest and costs, and she appeals therefrom.

The complaint alleged that on August 29, 1919, complaint was filed in the justice's court, charging Merritt with having committed lewd and lascivious acts, a felony; that after a hearing he was held to answer in the Superior Court and

committed to the custody of the sheriff until he should give bail in the sum of five hundred dollars. It appears that on September 2, 1919, such bond was signed by the defendants, that it was filed on September 8, 1919, and it is alleged further that "the said James E. Merritt was under and solely by virtue of the terms of said bail bond, released from the custody of the sheriff of Los Angeles county." The bond is attached to the complaint as an exhibit, and in paragraph IV, which is the center of attack, it is averred:

"That within thirty (30) days after said commitment, the district attorney of the county of Los Angeles. state of California, filed in the superior court of the state of California, in and for said county, a certain information entitled 'The People of the State of California vs. James E. Merritt,' No. 14579 on the records of said court; that thereafter the said case was duly and regularly called for arraignment on January 25th, 1926, in Department 18 of said court . . . ; that at said time the said James E. Merritt did not appear and was not present in court and did not render himself amenable to the order and process of said court, whereupon the court ordered that the bail of said defendant, James E. Merritt, be forfeited, which forfeiture was duly entered upon the minutes of said court."

The bond in question required that:

"James E. Merritt, the defendant in the action pending as aforesaid, will appear and answer to the charge above mentioned, in whatever court it may be prosecuted, and will at all times hold ——self amenable to the order and process of the court, . . . "

█ The principal grounds of demurrer relied upon are that the complaint is uncertain, ambiguous and unintelligible, in that it cannot be ascertained therefrom that the defendant "was ever at any time or at all advised or notified that on said day he was to be and appear for arraignment before the said or any superior court of the state of California in and for the county of Los Angeles." General authorities holding a defendant and his sureties amenable to orders of the court and responsible for his appearance under the provisions of an undertaking, are not attempted to be questioned by appellant. The effect of her argument is that such provisions should not receive a construction rendering them binding for all time, without notice; that they should be

reasonably construed, and that the parties to such an instrument ought not to be legally held responsible for a failure to be present when called for arraignment after a silence of six years and four months, without any intimation that the case would then be called for trial. A complete answer to this contention is, however, that the defendant did not plead the statute of limitations, but seeks to rely solely upon a plea of laches in bar of a "stale demand," and the authorities cited in her behalf involve equity proceedings. *Kleinclaus* v. *Dutard*, 147 Cal. 245 [81 Pac. 516], and *Wadleigh* v. *Phelps*, 149 Cal. 627 [87 Pac. 93], were, respectively, for the declaration of an express trust, and to have certain formal deeds declared mortgages in fact. No authority is cited, and we are aware of none, denying the right to recover moneys admittedly due upon an obligation in writing after unusual delay, where, as here, the only defense consists of a general demurrer upon the ground that the complaint fails to state a cause of action.

◼ Particular alleged frailties in the complaint and accompanying exhibit specifically attacked by the demurrer are, that it does not appear that the defendant was called for arraignment or trial within sixty days after he was held to answer, or that he was notified or called to appear on January 25, 1926; that there is no allegation attempting to excuse the long delay between the filing of the information and the date set for arraignment; that the allegation that defendant Merritt was charged with lewd and lascivious acts, a felony, and the recital of the attached bond as an exhibit that he was held for examination "upon a charge of .... a felony," is insufficient in that lewd and lascivious acts do not constitute a felony, and the bail bond does not attempt to specify the nature of the felony, if any, with which he was charged. These issues are not open to the appellant. Her obligation does not provide that she shall be relieved of liability in case the indictment is void or if the prosecution shall fail for any reason, but only if the defendant shall appear as stipulated. (*County of Los Angeles* v. *Rickert*, 84 Cal. App. 403 [258 Pac. 134]; *Southern Surety Co.* v. *United States* (C. C. A.), 23 Fed. (2d) 55; *St. Lawrence County* v. *Goldberg*, 175 App. Div. 88 [161 N. Y. Supp. 641].) ◼ The attempted criticism that the allegation that "the case was duly and regularly called for arraign-

ment'' states but a conclusion, is not well taken. It has repeatedly been held that this expression is sufficient, and that it is not subject to the subtle refinement here asserted. (*Gurnsey* v. *Northern California Power Co.*, 7 Cal. App. 534 [94 Pac. 858].) Other points advanced do not require discussion.

The judgment is affirmed.

Works, P. J., and Thompson (Ira F.), J., concurred.