WESTERN SURETY CO. v. UNITED STATES.

No. 6361.

Circuit Court of Appeals, Ninth Circuit.

July 29, 1931.

Patrick F. Kirby, of Los Angeles, Cal., for appellant.

Samuel F. McNabb, U. S. Atty., and Ignatius F. Parker and Louis J. Somers, Asst. U. S. Attys., all of Los Angeles, Cal.

Before WILBUR and SAWTELLE, Circuit Judges, and ST. SURE, District Judge.

SAWTELLE, Circuit Judge.

This is an appeal from a judgment on a writ of scire facias issued by the United States District Court for the Southern District of California, upon a forfeited bail bond.

David A. Schaffer was principal and the Western Surety Company, the appellant herein, was surety on the bond, which was for the sum of $2,000. The undertaking was to secure the appearance of Schaffer whenever or wherever he might be required to answer any information to be filed or any indictment to be returned, charging him with violating the Harrison Narcotic Act, on or about July 3, 1926, in Los Angeles, Cal.

Schaffer not being found, service of the writ was made against the surety only. Having obtained a severance in the court below for the purpose of prosecuting this appeal, the Western Surety Company is the only appellant before this court.

After setting out the formal matters of the bond and the release of Schaffer from the custody of the United States Marshal, and the filing, on September 4, 1926, of the true bill against the defendant, the writ of scire facias continues: "Thereafter, notice was sent on several occasions to David A. Schaffer to appear in court pursuant to recognizance and notice was likewise sent to the Western Surety Company to produce the body of David A. Schaffer before the court pursuant to the recognizance filed, and said David A. Schaffer failed to appear, and Western Surety Company, a corporation, having failed to produce the body of David A. Schaffer before the court pursuant to the recognizance to answer to the indictment then on file. On November 5, 1928, the recognizance filed herein with David B. Head, United States Commissioner, on July 7, 1926, and filed in the office of the Clerk of this Honorable Court on October 17, 1928, was by this Honorable Court declared forfeited."

To this writ, the Western Surety Company filed demurrers, both general and special, pursuant to section 430 of the California Code of Civil Procedure, challenging its sufficiency to state a cause of action. As separate grounds for demurrer, the appellant urges that the writ is uncertain, ambiguous, and unintelligible, in that it cannot be ascertained therefrom, among other things, (b) when, if ever, under the terms of the recognizance, Schaffer became in default; (e) when, if ever, there was any default under the terms of the recognizance; and (f) in what manner, if at all, there was any default. The overruling of this special demurrer is assigned as error.

The nature of a bail bond is clearly set forth in United States v. Davenport (D. C.) 266 F. 425, 427: "The issues are measured by the terms of the bond and the recitations of the judgment nisi. * * * The bail bond is a contract between the sureties and the government. Upon the failure of the principal to appear the sureties become debtors. U. S. v. Sanges, 144 U. S. 310, 12 S. Ct. 609, 36 L. Ed. 445; U. S. v. Zarafonitis, 150 F. 97, 80 C. C. A. 51, 10 Ann. Cas. 290 [rehearing denied (C. C. A.) 156 F. 1023]."

Where a defendant has been bailed in conformance with the usual procedure of the laws of the state where the offense is alleged to have been committed, the laws of that state determine the sufficiency of the steps taken. United States v. Davenport, supra. Under the Judicial Code, § 262 (28 USCA § 377), federal courts may issue writs of scire facias, notwithstanding that the proceeding is unknown in the state wherein the federal court employs it. Bassett v. United States, 18 F.(2d) 856 (C. C. A. 9).

In Hollister v. United States, 145 F. 773, 779, 780 (C. C. A. 8), the following language was used:

"A writ of scire facias on a forfeited recognizance is a judicial writ founded upon and to be proved by the record of the court taking it. * * * In Winder v. Caldwell, 14 How. 434, 14 L. Ed. 487, it is said:

"'A scire facias is a judicial writ used to enforce the execution of some matter of record on which it is usually founded; but though a judicial writ, or writ of execution, it is so far an original that the defendant may plead to it. As it discloses the facts on which it is founded, and requires an answer from the defendant, it is in the nature of a declaration, and the plea is properly to the writ.' * * *

"From the principles announced in the foregoing authorities certain conclusions inevitably follow: First. The record upon which the writ issues is not a part of the declaration. It is the evidence upon which plaintiff must rely to prove the case, and the

legal sufficiency of the declaration must be determined, as in ordinary cases of pleading, from a consideration of its averments."

Taking the place of the declaration or complaint, then, the writ of scire facias must state a cause of action. It is subject to challenge by demurrer for failure to do so.

██ It is not a prerequisite to the forfeiture of a bail bond that the defendant be notified or that, in the courtroom, he be called to answer. It is his duty to follow the proceedings and to be in court when his presence is required. County of Los Angeles v. Delahunt, 99 Cal. App. 569, 279 P. 187; State v. Holtdorf, 61 Mo. App. 515. Likewise, it is not necessary that notice be given the surety to produce the body of the defendant in court. National Surety Co. v. United States (C. C. A.) 29 F.(2d) 92.

██ Nevertheless, as will be seen from the allegations of the writ set out above, there is no sufficient averment that any default was committed by the defendant.

To authorize a judgment upon scire facias against bail in a criminal case the scire facias must aver that the principal (the defendant) has made default on some specified date or during some specified term of court. The scire facias in this case does not so allege. It does allege that the notice was "sent on several occasions to the defendant to appear in court pursuant to recognizance, and that notice was likewise sent to the appellant surety company to produce the body of the defendant before the court pursuant to the recognizance filed, and that the defendant failed to appear." It further alleges that on November 5, 1928, the recognizance was by the court declared forfeited.

As a matter of fact, the allegation that a notice "was sent on several occasions" to the defendant and the surety means nothing. There is no averment as to when the said defendant failed to appear. From what appears there the defendant might have been in attendance upon the court on the latter date, the very date the forfeiture was declared. The appellant could be liable only if the defendant failed to appear.

So far as the question of notice to defendant and surety was concerned, we think no notice was required. When a defendant enters into an obligation for his appearance in court to answer a criminal charge, as was done in the instant case, it is his duty to keep in touch with the proceedings of the court and to be present at all times until the case is finally disposed of, or unless there is some special order of the court setting the case down for hearing or trial on some special date. As a matter of fact, a notice to the surety to produce the defendant is not required.

There was no error in overruling the general demurrer, but grounds (b) (e) and (f) of the special demurrer should have been sustained. The remaining grounds of the special demurrer were without merit and were properly overruled.

We think that the scire facias should have averred that the defendant was not present on the date the forfeiture was declared. It is urged by the defendant that it was necessary that the appellant should be called before the forfeiture was entered. There is some authority for this contention, but we find nothing in the law making that a condition to declaring a forfeiture on a bail bond. Undoubtedly, it is the better practice to have the defendant called, and, if he is absent, to have his absence noted on the record; but an allegation to the effect that the defendant was absent on some particular date when he, by the terms of his obligation, was required to be present, would seem to be sufficient to justify a forfeiture.

For the reasons given, the case will be reversed and remanded to the District Court, with instructions to sustain the above referred to grounds of the special demurrer, with leave to amend. It is therefore unnecessary to consider the other assignments of error.

Reversed.