EL ESTADO LIBRE ASOCIADO DE PUERTO RICO, demandante y recurrido, *v.* COMPAÑÍA DE FIANZAS DE PUERTO RICO, demandada y recurrente.

*Número:* CE-65-14      *Resuelto:* 7 de febrero de 1967

*E. Martínez Rivera* y *Edelmiro Martínez, Jr.,* abogados de la peticionaria-recurrente; *J. B. Fernández Badillo, Procurador General,* y *Peter Ortiz, Procurador General Auxiliar,* abogados del demandante-recurrido.

Sala Segunda integrada por el Juez Asociado Señor Belaval como Presidente de Sala y los Jueces Asociados Señores Hernández Matos, Santana Becerra y Dávila.

EL JUEZ ASOCIADO SEÑOR DÁVILA emitió la opinión del Tribunal.

La recurrente, Compañía de Fianzas de Puerto Rico, prestó fianza para garantizar la comparecencia a juicio de Roberto Dávila Alonso acusado de hurto de uso. Se acusó a Dávila de que en unión a otra persona hurtó un automóvil el 16 de diciembre de 1961. La fianza fue prestada el día 20 siguiente. De los autos surge que con fecha 29 de diciembre el Secretario del Tribunal de Distrito, Sala de Mayagüez, expidió una orden de citación para los acusados informán-

doles que el juicio se celebraría el 16 de enero de 1962. Se consignó que la dirección del acusado Roberto Dávila Alonso era la Calle San Rafael 102 en Mayagüez. Al dorso de la orden aparece una nota que lee: "Ambos acusados fueron citados personalmente", seguida de las iniciales ERC y la fecha 1/10/62. Dávila no compareció. Con fecha 16 de febrero de 1962 el Secretario expidió una nueva orden de citación contra Dávila para la celebración del caso el 27 de febrero siguiente. En esa misma fecha el Juez de Distrito dictó una orden requiriendo a Carlos M. Feliú, representante de la compañía fiadora, para que presentara al acusado Dávila ante el Tribunal el 27 de febrero advirtiéndole que debía comparecer "a exponer las razones que tuviere por virtud de las cuales no deba ser confiscada". Esta orden fue notificada a Feliú el 19 de febrero. El 27 de febrero aparece una nota del juez al efecto de que el acusado no se pudo localizar y que se le daba una oportunidad a los fiadores para localizarlo antes de confiscar la fianza.

El 13 de marzo de 1962 se expide otra citación contra el acusado residente en la Calle San Rafael 102, Mayagüez, para la vista del caso a celebrarse el día 26 siguiente. El alguacil E. Casiano hace constar "El acusado se fue de Mayagüez, no lo pude localizar. 5/3/1962" El 23 de mayo de 1962 se ordenó la confiscación de la fianza expedida para garantizar la comparecencia de Dávila. Luego de seguidos los trámites correspondientes, en los cuales intervino la fiadora, se le condenó al pago de la cantidad garantizada por la fianza. Accedimos a revisar la sentencia que lo decretó.

Expone dos fundamentos principales para que revoquemos lo decretado por el tribunal de instancia: (1) que en la demanda no se alegó ni en el juicio se probó que el acusado fuera puesto en libertad en virtud de la fianza y (2) que el acusado no fue citado para la celebración del juicio.

█ Para sostener su posición invoca a *El Pueblo* v. *Noble et al.*, 28 D.P.R. 702 (1920). Aunque en *Noble* expresamente hicimos constar que nos absteníamos de considerar la cuestión de si era requisito alegar que el acusado había sido puesto en libertad en virtud de la fianza, esta expresión, enunciada hace casi medio siglo, ciertamente no es compatible con el trámite procesal actual. Requerir una alegación en el sentido de que el acusado fue puesto en libertad por virtud de la fianza es sencillamente fútil. Si se prestó la fianza ciertamente era porque el acusado estaba preso. Y si no fue excarcelado, por las razones que fueran, es una defensa que debe interponer la fiadora. Hace más de cincuenta años cuando se le planteó esta misma cuestión a la Corte Suprema de Oklahoma en *Melton* v. *State*, 149 Pac. 154 (1915), se expresó lo siguiente:

"Con toda seguridad lo que ocurre ordinariamente es que, al prestarse una fianza aceptable para permanecer en libertad provisional inmediatamente se deja en libertad al acusado, y es palmariamente absurdo presumir que los funcionarios confiscarían la fianza e instarían acción por tal motivo cuando el fiado en cuestión continuaba encarcelado, y nunca había sido puesto en libertad en virtud de dicha fianza. Además, al Pueblo nunca se le ha requerido que alegue y pruebe hechos de conocimiento particular del acusado y, si fuera un hecho que el fiado nunca ha sido puesto en libertad provisional bajo fianza, sino que estaba aún encarcelado, nadie estaría más consciente del hecho que él."

█ En cuanto a que el acusado no fue citado para la celebración del juicio, como apuntamos al relatar los hechos, en los autos hay constancia de que fue citado para comparecer a la vista del caso a celebrarse el 16 de enero de 1962. Ahora bien, no obstante lo expresado en *Noble*, a este respecto, consideraremos en el momento apropiado la responsabilidad de un fiador en el caso de que un acusado no pueda ser citado por haberse ausentado de la dirección que dio al ser arrestado

8

o que de otra forma evada la citación. Ver *Los Angeles County* v. *Delahunt*, 279 Pac. 187 (Dist. Ct. App. 2d D. Calif. 1929) y *Western Surety Co.* v. *United States*, 51 F.2d 470 (9th Cir. 1931).

*Se confirmará la sentencia que dictó el Tribunal Superior, Sala de Mayagüez en 11 de junio de 1965.*