[Civ. No. 2548.  First Appellate District, Division One.—December 3, 1918.]

INTERNATIONAL MORTGAGE BANK (a Corporation), Plaintiff and Respondent, v. ROBERT W. EATON et al., Defendants and Respondents; GEORGE SULLY et al., Defendants and Appellants.

MORTGAGE—PRIOR RECORDED CONTRACT AFFECTING PROPERTY—SUPERIOR-ITY OF MORTGAGE LIEN — EFFECT OF WRITTEN INSTRUMENT.—A written instrument, executed by the owners and holders of a re-corded contract affecting real property, reciting that whereas the owners of the property "have borrowed" money from a bank and as security for its repayment executed a mortgage on the prop-erty, and providing that in consideration of one dollar and other valuable considerations to them in hand paid, whatever interest or rights they may have in the property are subordinate to the lien of the mortgage, operates to make the mortgage lien superior to their claim, notwithstanding the use of the quoted phrase, where it is shown that the instrument was executed before the money was paid, and constituted a part of the consideration for the loan.

ID.—FORECLOSURE — REIMBURSEMENT FOR IMPROVEMENTS—RIGHTS UN-ENFORCEABLE.—One who makes improvements on mortgaged prem-ises without first having obtained a contract with the mortgagee or the mortgagors for reimbursement, has no rights which the courts can enforce in a mortgage foreclosure action.

APPEAL from a judgment of the Superior Court of Santa Cruz County.  Benj. K. Knight, Judge.  Affirmed.

The facts are stated in the opinion of the court.

Reed, Nusbaumer & Bingaman  for Defendants-Appellants.

H. A. Van C. Torchiana  for Plaintiff and Respondent.

Wyckoff & Gardner  for Defendants and Respondents.

STURTEVANT, J., *pro tem.*—This is an action brought by the plaintiff to foreclose a mortgage against R. W. Eaton and E. Steinhauser, the mortgagors.  Judgment went for the plaintiff against a large number of defendants, but George Sully and Matilda Sully are the only defendants who have appealed.  They have presented their appeal as under section

953a of the Code of Civil Procedure.   By the record they have
made, they make one contest as against the plaintiff and an-
other as against some of their codefendants.   As the prin-
ciples involved are quite different, we will take up the two con-
tests separately in the order as stated above.

1. If the plaintiff's lien is superior to the claim of the
Sullys, the judgment should be affirmed as to the respondent,
the plaintiff in the trial court.   This question is hardly de-
batable.   When the loan of the money by the plaintiff to the
mortgagors was about to be made, it transpired that there were
of record certain instruments which the plaintiff desired to be
protected against; and the Sullys executed and delivered,
before the money was paid over, an instrument, in part as
follows:

"Know All Men by These Presents:

"That Whereas, on the 17th day of March, 1913, by writ-
ten instrument of that date, R. W. Eaton and E. Steinhauser
entered into a contract with the undersigned, George Sully,
Jr., and Matilda Sully, his wife, which said contract was there-
after recorded and is now of record in Volume 13 of Agree-
ments, page 184, in the office of the County Recorder of the
County of Santa Cruz, State of California, and is hereby ex-
pressly referred to and made a part hereof; and

"Whereas, the said R. W. Eaton and E. Steinhauser have
borrowed from International Mortgage Bank, a corporation,
of Apeldoorn, Holland, the sum of Ten Thousand Dollars, and
as security for the repayment of the same, have executed and
delivered to said Bank, a mortgage bearing date April 19th,
1914, and covering the real property hereinafter particularly
described; and

"Whereas, the said undersigned, George Sully, Jr., and
Matilda Sully, his wife, ever since the 17th day of March,
1913, have been and now are the sole owners and holders of
the said contract so recorded in Volume 13 of Agreements,
page 184, Santa Cruz Records.

"Now Therefore, in consideration of the sum of One Dol-
lar and other valuable considerations to them and each of them
in hand paid, the receipt whereof is hereby acknowledged, the
said George Sully, Jr., and Matilda Sully, his wife, do and
each of them does hereby acknowledge and agree that as to
them and each of them as to the said contract dated March 17,

1913, and as to their and each of their rights and interests thereunder, the said mortgage dated April 9th, 1914, and so executed to said International Mortgage Bank, is and shall be a first mortgage and lien on the real property hereinafter and in said mortgage described, and that whatever interest or rights they may have in or to the said real property are subject, subordinate and second to the lien of said mortgage.''

The appellants point out the words ''have borrowed,'' and argue that their act followed and was not, therefore, any part of the consideration for the making of the loan which plaintiff is seeking to foreclose. While such a phrase, ''have borrowed,'' is pertinent in support of such an argument, it is not conclusive. In this case it clearly appears that all papers were signed and delivered before the money was paid by the plaintiff to the mortgagors, and that defendants' waiver was a part of the consideration supporting the plaintiff's promise to make a loan to the mortgagors. The plaintiff was entitled to show, as it did, what the consideration actually was and when it actually passed. (Code Civ. Proc., sec. 1962, subd. 2; Civ. Code, sec. 1647; *Anderson* v. *Read,* 106 N. Y. 333, 344, [13 N. E. 292].) The waiver was valid and operated to place the plaintiff's lien superior to the lien, if any, of the appellants.

2. By its judgment the trial court ordered that the appellants take nothing. Their claim, if any, arises out of these facts. The mortgagors owned the land which was mortgaged. Before the mortgage was executed the owners and the appellants formed a corporation, El Pajaro Springs Company; the mortgagors and the corporation executed a contract to sell and buy the land in suit; on the same date the corporation and the appellants executed a contract of employment by which the corporation hired the appellants at a stated compensation per month for a stated period of time. While those contracts were alive the appellants made improvements on the mortgaged property. The corporation was a defendant in this case and by its pleadings merely put in issue the amount of the plaintiff's claim for attorney's fees. The appellants in their pleadings do not claim that, as stockholders, they are defending for the corporation, El Pajaro Springs Company; nor do they allege, or attempt to prove that, as stockholders, they demanded that the El Pajaro Company defend this action, and that it did not; nor do they claim that they are defending for it; nor do they allege that El Pajaro Springs Company ever

performed or offered to perform its contract of purchase. The most that can be said is that the record contains some evidence that the appellants made some improvements on the mortgaged premises without first having obtained a contract with the mortgagee or the mortgagors for reimbursement. They have no rights which the courts can, in a mortgage foreclosure action, enforce.    The judgment is affirmed.

Lennon, P. J., and Beasly, J., *pro tem.*, concurred.