[Civ. No. 8852. Second Appellate District, Division One.—February 13, 1935.]

COUNTY OF LOS ANGELES, Appellant, v. JOSEPH FARNSWORTH et al., Defendants; METROPOLITAN CASUALTY INSURANCE COMPANY OF NEW YORK (a Corporation), Respondent.

Everett W. Mattoon, County Counsel, and J. H. O'Connor, Assistant County Counsel, for Appellant.

Hindman & Davis and Angus C. McBain for Respondent.

SHINN, J., *pro tem.*—This is an action against the principal and surety on a bond given to the County of Los Angeles for the faithful performance of a contract to cause certain public improvements to be made for the benefit of .a subdivided tract of land. The trial court held the contract, and therefore the bond, to be without consideration. Plaintiff appeals from a judgment in favor of defendant.

The land was subdivided by Peterson, Farnsworth and Glessman, title standing in the name of a trustee. When their subdivision map was submitted to the board of supervisors for approval on or about April 30, 1924, the subdividers named entered into a contract with the county by which they obligated themselves as contractors to install within one year from date certain public improvements in the tract. The pertinent provisions of this contract read as follows: "Witnesseth: First: That the Contractor, for and in consideration of the acceptance by the Board of Supervisors of the highways offered for dedication in that certain tract known as Compton Ave. Palms, Tract No. 7874 (sheets 1–2) hereby agrees, at his (its) own cost and expense, to furnish all tools, equipment, labor and material necessary to perform and complete, and within 12 months from the date hereof to complete in a good and workmanlike manner the improvement of the following streets: Compton Ave., Jeton Street, Palm Street, Regina Street, Ingram Ave. and Peterson Ave. in said tract, according to plans and profiles filed in the office of the Road Department and to do all work incidental thereto according to the specifications which are attached to and are hereby made a part of this contract."

The contractors Peterson, Farnsworth and Glessman gave a performance bond with a corporate surety in the sum of $8,408.86, being one-fourth of the estimated cost of the improvements. This contract and bond were dated April 30, 1924, and were delivered to and filed with the board on that date. On May 26, 1924, the board duly accepted for public use the streets, avenues and alleys offered for dedication as shown on the map, and the map was thereupon duly recorded in the office of the county recorder. The board subsequently extended the time for the completion of the work until April 30, 1926.

On December 2, 1925, Farnsworth exchanged his interest in the property with one Mitchell, receiving therefor a ranch in Fresno County. Mitchell entered into a contract with the county on December 15, 1925, by which he agreed to install the improvements in the tract, and gave bond for faithful performance in the same amount as was stipulated in the previous bond, the defendant appellant Metropolitan Casualty Insurance Company of New York becoming surety on this bond. The provisions of the Mitchell contract differed in no material respect from the Farnsworth contract, stat-

ing "that the contractor *having in consideration of the acceptance by the board of supervisors of the highways offered for dedication* in that certain tract" (referring to tract 7874), "hereby agrees", etc., with a single exception, namely, the time for completion of the Mitchell contract was December 15, 1926. It will be noted that the time would have expired under the extension of the Farnsworth contract on April 30, 1926.

Plaintiff, by its amended complaint, alleged the execution of both contracts and bonds and sought recovery only against defendants Mitchell and Metropolitan Company. Mitchell having died before the trial, the case was tried against the Metropolitan Company alone. The answer of this defendant pleaded, among other defenses, want of consideration for the contract between Mitchell and the board of supervisors. The basis of this claim is that the only consideration stated in the contract is the acceptance by the board of the highways shown on the map; that they had long before been accepted under the Farnsworth contract; that there remained nothing for the board to do and therefore the agreement was unilateral and without consideration. It is not to be questioned that the contract and bond fail unless they are supported by some consideration other than the one recited.

Upon the trial the court received evidence, subject to objection of defendant, of an oral agreement between Farnsworth and Mitchell, made at the time of the exchange of properties, to the effect that Mitchell would undertake the obligation of completing the installation of the public improvements which Farnsworth was then under contract to do. Evidence was likewise received of a communication of the county road commissioner to the board, dated December 17, 1925, purporting to submit Mitchell's agreement and bond as a substitute for those of Farnsworth, and reading in part: "I beg to advise that the property has changed hands and the new subdivider wishes to exchange the old bond for new." Minutes of the board of supervisors were received in evidence, subject to defendant's objection, reading as follows: "Office of the Board of Supervisors of the County of Los Angeles, State of California, Monday, December 21st, 1925. The Board met in regular session. Present, Supervisors R. F. McClellan, Chairman presiding, Prescott F. Cogswell, J. H. Bean, F. E. Woodley and Henry W. Wright; and L. E. Lampton, Clerk, by Mame B. Beatty, Deputy

Clerk. (Road Book 34, page 352) IN RE STREETS IN TRACT NO. 7874: APPROVAL OF NEW CONTRACT AND BONDS FOR IMPROVEMENT WORK. An agreement dated December 15th, 1925, by and between the County of Los Angeles and W. D. Mitchell, for the improvement of streets in tract No. 7874, together with a bond in the sum of $8,408.86, conditioned for the faithful performance of said agreement, and a bond in the sum of $16,817.73, conditioned for the payment of laborers and materialmen, said bonds being executed by W. D. Mitchell as principal, and Metropolitan Casualty Insurance Co. of New York as surety, said agreement and bonds being submitted in lieu of agreement and bonds heretofore furnished in said matter, are presented; and on motion of Supervisor Wright, duly seconded and carried, it is ordered that said agreement and bonds be, and they are hereby approved.''

This evidence was offered by plaintiff to meet the objection that the Mitchell agreement was without consideration. It was objected to by defendant upon the ground that it tended to add to or vary the terms of the Mitchell agreement. The court thereafter struck out all of this evidence on motion of the defendant. Evidence was given and the court found that only about fifteen per cent of the work had been done under the contract and that the cost of completing the work would amount to $28,590.14. The court found that no damage had been sustained by the county by reason of the failure of defendant Mitchell to complete the work, presumably basing this finding upon the fact that the contract was held to be without consideration.

The provisions which we have quoted are the only ones which relate in any manner to the question of consideration. The board of supervisors by the terms of the Farnsworth contract and as a consideration therefor were to accept the dedication to public use of the highways shown on the map. This they did. The Mitchell contract recited the same consideration, but there remained nothing for the county to do in that respect on the date of the contract, since the streets had been accepted more than a year prior thereto.

Two principal questions are presented: Was any evidence of consideration not stated in the contract admissible? If it was admissible did the evidence that was stricken out tend to establish the existence of a consideration to such an extent

that a refusal of the court to consider it constituted reversible error?

■ Assigning the exclusion of the evidence referred to as error, appellant relies upon the rule set forth in section 1962 of the Civil Code that where a writing recites a consideration, parol or extrinsic evidence may be received to show the true consideration to be other than the one recited. The following, among other cases, are cited: *International Mortgage Bank* v. *Eaton,* 39 Cal. App. 39 [177 Pac. 880]; *Royer* v. *Kelly,* 174 Cal. 70 [161 Pac. 1148]; *Richardson* v. *Lamp,* 209 Cal. 668 [290 Pac. 14]; *Field* v. *Austin,* 131 Cal. 379 [63 Pac. 692]; *Gardner* v. *Watson,* 170 Cal. 570 [150 Pac. 994].

Respondent relies upon cases holding that where the statement of consideration is contractual or a promise to do specific things, such provision cannot be enlarged or modified by parol or extrinsic evidence, citing *Hendrick* v. *Crowley,* 31 Cal. 472; *Arnold* v. *Arnold,* 137 Cal. 291 [70 Pac. 23]; *Harding* v. *Robinson,* 175 Cal. 534 [166 Pac. 808], and similar cases.

■ If the consideration stated, namely, the acceptance of the offer of dedication, appeared in the Mitchell contract as a mere recital of a past event and not as a contractual and executory obligation of the board, some of the evidence offered by plaintiff was erroneously excluded. We do not doubt that the reference to the acceptance of the highways was nothing more than a recital of something that had already taken place and was not in any sense contractual. In fact, respondent concedes this to be true when it urges the defense of failure of consideration. The argument of respondent is that the county was bound to do nothing because the thing it might have agreed to do had already been done. It is not suggested that it was not known to the contracting parties that the offer of dedication had long since been accepted. The same language found in the Farnsworth contract related to something to be done in the future, but as found in the Mitchell contract it must be construed in conformity with the obvious understanding of the parties, who could not have believed it to be executory. Extraneous evidence of consideration was therefore admissible.

■ The testimony of Farnsworth that Mitchell had orally agreed with him at the time of the exchange of properties that he would assume Farnsworth's obligation to do the

improvement work and would complete it at his own expense, was admissible upon the question of consideration. This agreement on the part of Mitchell entered into the consideration passing between him and Farnsworth, even though it was not in writing. (*Norris* v. *Lilly,* 147 Cal. 754 [82 Pac. 425, 109 Am. St. Rep. 188].) Farnsworth testified that Mitchell's assumption of the obligation was his, Farnsworth's, principal object in making the exchange of properties. The evidence offered on this phase of the case was sufficient, *prima facie,* to show that Mitchell's undertaking to do the improvement work was one of the terms and conditions under which he acquired the Farnsworth land. Farnsworth testified, as a part of the evidence stricken out, that Mitchell said "that he would take over those obligations . . . that he would take over, put in the streets, sidewalks and curbs", etc. While it does not appear that Mitchell agreed in so many words to enter into a new contract with the county, it does appear that Farnsworth went with Mitchell to the appellant bonding company to arrange for the bond here sued on. Following this the new contract and bond were given the county. Thus Mitchell took over the obligations in a very effective way and in a manner agreeable to Farnsworth as a part of the price he paid for the Farnsworth land. Upon these facts his contract with the county was not without consideration. It does not matter that it came from Farnsworth rather than the county. (Sec. 1605, Civ. Code.) We are of the opinion that the evidence offered of the oral agreement between Farnsworth and Mitchell should have been received.

Appellant claims that a further consideration is proved by the following facts: Under the contract of Farnsworth, Peterson and Glessman with the county, dated April 30, 1924, the work was to be completed in one year; upon application of the contractors that time was extended for another year and the county was entitled to have the work completed by April 30, 1926. Mitchell acquired his interest in the subdivision in December, 1925. By the terms of his contract with the county he was given a year from that date in which to do the work. Had he acquired the land without this added time there would have remained but four and one-half months in which to comply with the terms of the Farnsworth contract. It was undoubtedly to his advantage to have an additional seven and one-half months for that

purpose. It is true that the obligation was not his originally, but it became his if and when he assumed it as testified to by Farnsworth. The element of time of performance under the two contracts becomes material because the obligations they represented were the subject of negotiation between Farnsworth and Mitchell and the court should have considered all evidence bearing upon the alleged agreement of Mitchell to take over the work from Farnsworth.

The county had an interest in having the improvement work done in the new subdivision. The highways had become open to public use and their improvement at private expense was a matter of public concern. When the time was extended for the completion of that work, the county suffered a detriment because of the delay. That was a consideration for the contract. (Sec. 1605, Civ. Code; 6 Cal. Jur. 193.)

The extension, it is true, was granted to Mitchell, not to Farnsworth, but we do not see wherein that fact is significant. It will not be presumed that the board of supervisors, having agreed with the new owner for a longer time for completion of the work, would take the duplicitous position that it could at the same time insist on an earlier completion under the first contract.

The ruling of the court was correct in so far as it applied to the letter of the road commissioner to the board of supervisors and the minutes of the board offered for the purpose of showing that the Mitchell bond and contract were tendered and accepted "in lieu" of those of Farnsworth and his surety. There is nothing in the record to show that the alleged substitution was made in response to any agreement between the board and any of the other interested parties. It does not appear that anyone requested such action or that it was other than gratuitous and voluntary upon the part of the board. The evidence as offered was not admissible against the defendant because neither Mitchell nor his surety could be bound in the absence of a showing that they were parties to the substitution and no such showing was made or attempted. No proper foundation was laid for the admission of this evidence.

Respondent seeks to justify the exclusion of all of the rejected evidence upon the further ground that its admission would alter the terms of the contract under which the bond was given and create new obligations be-

yond those it assumed as surety. We are unable to see that such results would follow. The consideration plaintiff sought to prove consisted of executed agreements. It may be that they were unenforceable because they were not incorporated in the written agreement, but having been executed, they were, to the extent we have indicated, as properly the subject of proof tending to show the consideration for the Mitchell contract as though they had consisted of payments of money. The liability or obligation of respondent was in no way enlarged by proof of the fact that the agreement of its principal was supported by a consideration. It was bound to know that the mere recital of one consideration for the agreement did not preclude the existence of others. The evidence offered did prove the existence of a liability that might not otherwise have been shown, but it did not alter or enlarge that liability or create a new one.

█ It is also argued that the amended complaint fails to state a cause of action, in that it affirmatively appears therefrom that there was no consideration for the agreement. This point is substantially answered by what has already been said upon the subject of consideration. A consideration is presumed and need not be alleged. The fact that a consideration is recited which may be wholly insufficient leaves the door open for proof of a valid consideration. The presumption attaches in such a case with equal force as though no consideration whatever were recited.

█ Respondent makes the further point that acceptance of an offer to dedicate highways to public use is not necessary; that they may be accepted by public use thereof, and that the act of the board in accepting the highways in question would not furnish a consideration for an agreement to improve the same. We have shown that this was not one of the executory terms of the contract and it is not relied upon by appellant as a consideration therefor. We entertain no doubt, however, that the acceptance of an offer of dedication of highways in a newly subdivided tract of land, creating public rights therein and imposing certain public burdens, is of mutual benefit to the public and the land owner.

The evidence which we hold to have been erroneously stricken out was vital to plaintiff's case. Its exclusion

makes it necessary that the issues be retried and the judgment is therefore reversed.

York, J., concurred.

Houser, Acting P. J., dissented.

A petition for a rehearing of this cause was denied by the District Court of Appeal on March 6, 1935, and an application by respondent to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on April 11, 1935.