[Civ. No. 10263. First Appellate District, Division One.—June 3, 1937.]

PETER P. McDONOUGH et al., Respondents, v. CHU CHEW SHONG, etc., et al., Defendants; LIM BEN, Appellant.

Snook & Snook & Chase for Appellant.

Edgar C. Levey for Respondents.

TYLER, P. .J.—Action upon an indemnity contract to guarantee plaintiffs from loss by reason of their furnishing

bail. The facts show that on November 27, 1934, one Lee Young was arrested and imprisoned under an indictment charging him with violating the act of the Congress of the United States known as the Jones-Miller Act, relating to the importing and concealment of morphine, also section 37 of the Criminal Code of the United States relating to a conspiracy to commit any offense against the United States, and section 174, title 21 of the Code of Laws of the United States, bail being fixed in the sum of $10,000. While imprisoned defendants in the action, so it is alleged in the complaint, requested plaintiffs to give or cause to be given in the federal court bail for the release of Lee Young from imprisonment and to procure his release pending the determination of the charges against him. It is further alleged that on or about December 6, 1934, defendants Lim Ben and Chu Chew Shong made, executed and delivered to plaintiffs a contract in writing by the terms of which they agreed to indemnify plaintiffs against any and all liability which plaintiffs might suffer or incur by reason of the forfeiture of said bail or by reason of any violation of the conditions of any bail bond or undertaking. Pursuant to said agreement, plaintiffs caused the New Amsterdam Casualty Company, a surety company, to make, execute and file in the United States District Court a bail bond in the sum of $10,000 for the release of Lee Young from custody pending the determination of the charges against him. In order to procure the company to make and execute the bond plaintiffs indemnified said company of and from any and all liability created or arising under said bail bond by depositing securities exceeding in value the sum of $10,000 with the company. By reason of said bail bond Lee Young was released from imprisonment pending his trial on said charges. Prior to the time set by the federal court for his trial, Lee Young fled from the jurisdiction, without leave, and wholly failed to appear or present himself for trial and said bail bond was forfeited, and under and pursuant to the order of the court decreeing the bond forfeited plaintiffs paid into court the said sum of $10,000 through the surety company. Thereupon this action was commenced by plaintiffs. The answer denied the execution of the agreement as alleged or that plaintiffs agreed with defendant Lim Ben that he should cause a bail bond to be given. Judgment went in favor of plaintiffs for the sum of $10,000 together with attorney's fees

and costs and against defendants Chu Chew Shong and Lim Ben. Defendant Lim Ben alone appeals, no appeal having been taken by Chu Chew Shong, and as to him the judgment has become final.

█ The indemnity agreement was executed about a week after the release of Lee Young on the bail furnished by plaintiffs, for which reason it is claimed by appellant that there was no consideration for it as it applied to a past event. There is no merit in this claim. The contract was given not only to cause Lee Young to be released from imprisonment but also to keep him released until the trial of the proceeding against him. The consideration of such an indemnity agreement is sufficient though given after the release from imprisonment of the party for whom the bond was given, since the sureties on such bond could surrender the prisoner at any time and relieve themselves of their obligation. The obligation is of a continuing nature and has a present as well as a past consideration. (*United States Fidelity & Guaranty Co.* v. *Curry,* 126 Neb. 705 [254 N. W. 430]; 31 Cor. Jur. 422; 6 R. C. L. 673.) Moreover, appellant failed to plead want of consideration or any other affirmative defense whatsoever.

█ Again, it is claimed that there is a variance between the indemnity contract and the allegations of the complaint in that the charge upon which it is claimed the person was held for bail, as alleged in the complaint, was not the same as that mentioned in the indemnity contract. While the indemnity contract refers to the charge of violating the Harrison Narcotic Act, no mention being made of the Jones-Miller Act or the conspiracy charge, the designation of the offense is a mere recital and forms no part of the contractual obligation. It was therefore not necessary to mention or specify the various offenses with which the defendant was charged, and the omission so to do affords no ground for the claiming of a variance as it did not affect the agreement. (*County of Los Angeles* v. *Farnsworth,* 4 Cal. App. (2d) 516 [41 Pac. (2d) 577]; *County of Los Angeles* v. *Rickert,* 84 Cal. App. 403 [258 Pac. 134]; 6 Cor. Jur., p. 1003, sec. 244.)

The instrument in question is to receive a fair interpretation, which is to be gathered from its language and the circumstances surrounding its execution, so as to give effect to the intention of the parties. (*C. Ganahl Lumber Co.* v.

*Thompson,* 205 Cal. 354 [270 Pac. 965].) So construed, it is manifest that the intention of the parties was to keep the person charged out of prison on the different charges on which he was to give bail, which amount was the sum of $10,000. Moreover, no question of variance was raised when the indemnity contract was offered in evidence at the trial, nor was there any showing of any kind that a variance was claimed.

The judgment is affirmed.

Knight, J., and Cashin, J., concurred.