BOARD OF INS. COM'RS et al. v. KANSAS
CITY TITLE INS. CO. et al.

No. 9757.

Court of Civil Appeals of Texas. Austin.

Jan. 19, 1949.

Rehearing Denied Feb. 23, 1949.

Price Daniel, Atty. Gen. of Texas, Edwin N. Bell, Chas. E. Crenshaw and Ned Mc-Daniel, Asst. Attys. Gen., for appellants.

Murfee & Crystal, of Houston, and Critz, Kuykendall, Bauknight & Stevenson, of Austin, for appellees.

GRAY, Justice.

This is a suit brought by Kansas City Title Insurance Company, a foreign corporation, authorized, by permit, to conduct a title insurance business in Texas, and Hexter Title and Abstract Company, a partnership, conducting an abstract business in Dallas County, Texas, against the Board of Insurance Commissioners of Texas, the individual members thereof, and the Attorney General of Texas. The purpose of the suit is to have declared null and void an order of the Board revoking its prior approval of a contract for the division of premiums between the Title Company and Hexter; for injunctive relief restraining the enforcement of said order, and for a declaratory judgment declaring the contract in controversy is a contract of indemnity, that certain sections of Article 1302a, Vernon's Ann.Civ.St., are unconstitutional, and declaring the Board is without authority to revoke its prior approval of the division of premiums between the Title Company and Hexter.

The trial court awarded plaintiffs substantially the relief as prayed for, and the defendants have appealed.

The record shows that on April 6, 1944, the Title Company and Hexter (then a corporation) entered into a written contract, which, among other things, provided that Hexter, as the agent for the Title Company, should issue policies of Title Insurance in the name of Title Company, and provided:

"It being mutually agreed and understood as a part of the consideration for this contract that Agent hereby agrees to pay all losses and claims under any policy written by Agent up to the sum of $500.00; and to indemnify Company from any and all loss of any nature or kind on any policy, commitment to insure or binder issued by Agent on all losses or claims up to $500.00; and further agrees to pay one-half of any and all loss incurred under any policy issued by Agent over $500.00 up to and including $10,000.00; and to indemnify Company from any and all loss of any nature or kind on any policy, commitment to insure or binder issued by Agent to the extent of one-half of any sum in excess of $500.00 up to and including $10,000.00."

This contract was filed with and approved by the Board, and was later assigned by Hexter, then a corporation, to Hexter, the present partnership. On January 1, 1947, the above quoted paragraph was amended so as to provide the agent, Hexter, would pay all claims up to $1,000, and one-half of all claims over $1,000 and up to $10,000. This amendment was filed with the Board and approved by it August 1, 1947. On February 17, 1948, the Board entered its order revoking its approval of the contract

and named as reasons therefor: that the above quoted part of said contract constitutes reinsurance by Hexter; that Hexter is not legally authorized to assume obligations of reinsurance; that the above quoted portion of the contract is in violation of sections 3 and 11 of Article 1302a, V.A.C.S., and provided the prior approval by the Board of the contract between Hexter and the Title Company should not be effective beyond the date of this order.

The trial court adjudged the order of February 17, 1948, null and void, but, upon the statement of the defendants that no attempt would be made to enforce it, denied injunctive relief restraining its enforcement. The court further found the herein above quoted portion of the contract between the Title Company and Hexter does not constitute reinsurance, is valid and is not in violation of Article 1302a.

There is no contention here that Hexter is legally authorized to write insurance or to assume obligations of reinsurance as an obligation against itself.

■ It is the contention of the Board that the above quoted portion of the contract constitutes reinsurance, and that it meets all the provisions and conditions contained in the definition of that term. The term is defined in 46 C.J.S., Insurance, § 1220, p. 195, as follows:

"Reinsurance may be defined generally as a contract whereby one for a consideration agrees to indemnify another, wholly or partially, against loss or liability by reason of a risk the latter has assumed under a separate and distinct contract as insurer of a third person."

And in Am.Jur., Vol. 29, p. 1017, it is said:

"Reinsurance, in the strict sense of the word, may be defined as a contract whereby one party, the reinsurer, agrees to indemnify another, the reinsured, either in whole or in part against loss or liability which the latter may sustain or incur under a separate and original contract of insurance with a third party, the original insured."

■ In a strict sense "reinsurance" is indemnity and "indemnity" is insurance or reinsurance in so far as each may provide payment for loss or damage suffered, because to that extent each includes the essential element of reimbursement for such loss or damage. See 36 Words and Phrases, Perm.Ed, p. 730 et seq., and Vol. 20, p. 682.

■ Generally, it is the rule that in the construction of contracts, the court should determine the intention of the parties in making the contract and give effect to such intention when legal principles will permit. Such intention is to be gathered from the contract in its entirety and not from a single paragraph. 10 Tex.Jur., p. 282, Sec. 164. And the circumstances existing at the time of the execution of the contract may be considered in determining the intention of the parties, if the language used is fairly susceptible of more than one construction. Lone State Gas Co. v. X-Ray Gas Co., 139 Tex. 546, 164 S.W.2d 504.

The record before us shows Hexter is engaged in the business of preparing and selling abstracts of title, and the Title Company is engaged in the business of writing title insurance policies in Texas. The contract under consideration names Hexter agent for Title Company in Dallas County, and authorizes Hexter to issue title insurance policies, commitments and binders in Title Company's name, provides Hexter shall indemnify Title Company for mistakes and omissions of Hexter, and provides for a division of premiums. Thus it is seen Hexter is not in the principal business of writing title insurance for premiums paid to Hexter, but the writing of such insurance in Title Company's name is an incident of a contract which has for its main purpose the furtherance of the business of selling abstracts.

■ The contract in its entirety is one of agency and the fact that it provides for reimbursement to the Title Company from Hexter for loss is indemnity for the failure of the agent to be diligent and careful in the exercise of the authority conferred by the contract, and, as such, is a legal consideration therefor.

■ We think that in any event the construction placed by the trial court on the contract before us must be sustained under the well recognized rule that when a contract is susceptible of two constructions the

construction which makes it legal and valid will be adopted. See authorities cited in Tex.Jur. Ten Year Supp., Vol. 3, p. 272, Sec. 181.

It follows from what we have said that the findings of the Board that the contract constitutes reinsurance and is in violation of Sections 3 and 11 of Article 1302a cannot be sustained, and its order revoking its prior approval of such contract for these reasons can not be upheld.

What we have said disposes of appellants' points one, two and four, since they are based on the allegation that, under the contract, Hexter is writing insurance or reinsurance, and such points are overruled. This renders point three immaterial.

■ Title insurance is a business affected by public interest and subject to legislative control. Daniel v. Tyrrell & Garth Inv. Co., 127 Tex. 213, 93 S.W.2d 372. This legislative prerogative is for the protection of the people and the promotion of the general welfare. Munn v. State of Illinois, 94 U.S. 113, 24 L.Ed. 77.

No public interest would be served by holding the contract between Hexter and the Title Company invalid. Hexter does not hold itself out as engaging in the insurance business. The public in buying insurance from the Title Company does not rely upon the responsibility of Hexter.

On the contrary, if the contract with Hexter is abrogated the policyholders would be deprived of the value of this contract as an asset of the Title Company in case of the latter's inability to pay its obligations.

These considerations have influenced us in holding that the Hexter-Title Company contract is not invalid under the statutes stated.

■ Since we hold the contract under consideration does not violate Secs. 3 and 11 of Article 1302a, the constitutionality of those sections, as well as Secs. 5, 20 and 21, is not here presented for determination, because the constitutionality of those sections having been challenged by Hexter and the Title Company, their rights are not now being, or about to be, invaded by the enforcement of those sections or either of them. It is therefore our opinion the trial court's judgment should be reformed by

striking therefrom the holding that Sec. 11 is unconstitutional, and Secs. 5, 20 and 21 are constitutional. On these questions we express no opinion.

The judgment of the trial court is so reformed as to eliminate therefrom the declaration that Sec. 11 of Article 1302a is unconstitutional, and Secs. 5, 20 and 21 of said Article are constitutional, and as so reformed the judgment is affirmed.

Reformed and affirmed.

On Appellants' Motion For Rehearing.

An examination of our original opinion will demonstrate that it holds that the agency contract between Kansas City Title Insurance Company and Hexter Title and Abstract Company is not reinsurance within the meaning of any provision of Article 1302a, Vernon's Ann.Civ.St. of Texas. We still adhere to that ruling and that makes it unnecessary for us to pass on or decide any other question presented by this appeal.

It is therefore ordered and adjudged that that part of the judgment of the District Court which adjudges and decrees that the agency contract between Kansas City Title Insurance Company and Hexter Title and Abstract Company is not reinsurance within the meaning of any of the provisions of Article 1302a, V.A.C.S. of Texas, and that part of the judgment of the trial court which vacates and sets aside the order of the Board of Insurance Commissioners of date February 17, 1948, but denies injunctive relief because of the statement of the Board that it would not attempt to enforce it, be and the same are in all things affirmed.

We express no opinion with reference to any of the other matters and things decided and decreed by the judgment of the lower court, and as to such things and matters the judgment of the lower court is set aside and held for naught.

Costs are adjudged as in our original opinion.

Our original opinion is corrected and modified as herein stated and to that extent the appellants' motion for rehearing is granted and it is otherwise overruled.

Original opinion corrected; motion granted in part and in part overruled.