**J. D. WHEELER, Receiver, Appellant,**

v.

**E. Lynn METTEAUER et al., Appellees.**

No. 12842.

Court of Civil Appeals of Texas.

Galveston.

July 28, 1955.

Rehearing Denied Oct. 27, 1955.

F. L. Kuykendall, Austin, for appellant.

Dies, Anderson & Dies and Martin Dies, Jr., Lufkin, for appellees.

CODY, Justice.

This is an appeal from the order of the 133rd District Court, the Honorable Wilmer B. Hunt presiding, overruling defendant's plea of privilege and pleas of jurisdiction. The plaintiffs in this suit were E. Lynn Metteauer, the Deep East Texas Finance Company, and Lynn Motors Company, Inc., the said plaintiff E. Lynn Metteauer being the president of said two corporations. The defendant was J. D. Wheeler, receiver of the Commercial Security Insurance Company by virtue of the judgment of the 53rd Judicial District Court of Travis County rendered on August 4, 1954, whereby the said insurance company's charter was cancelled and the said Wheeler appointed liquidator and conservator of said insurance company as well as receiver.

The plaintiffs filed their said suit on October 12, 1954.

The different plaintiffs urge somewhat different causes of action, and we deem it necessary to give a sufficient review of the pleadings to indicate these different positions and claims of the different plaintiffs.

According to plaintiffs' allegations, on May 2, 1952 plaintiff Metteauer was appointed the agent of Century Lloyds Insurance Company to issue policies for automobile insurance, and thereafter pursuant thereto wrote the policies which are listed in Exhibit "A" attached to plaintiffs' petition. That as time went on, Century Lloyds became ever slower about paying the claims under its policies, and finally in 1954 completely stopped paying them. That plaintiff Metteauer urged Century Lloyds to transfer the policies he had written to a company that would pay off claims thereunder. That as a result of these negotiations it was agreed on April 23, 1954, that all policies written by said plaintiff should be transferred to Commercial Security Insurance Company. That pursuant thereto the Commercial Security Insurance Company executed and delivered to said plaintiff "a Bordereaux which is a customary manner and means of one insurance company taking over and assuming the policies and business of another insurance company." That it was thereupon understood that from said date the Commercial Security Insurance Company had been substituted as the insurer on the policies listed on the bordereaux, which policies were those also listed on Exhibit "A".

Plaintiffs then go on to allege the judgment of the 53rd Judicial District Court of Travis County, aforesaid, of August 4, 1954, which cancelled the charter of the Commercial Security Insurance Company and made the defendant receiver, liquidator and conservator of said company. Plaintiffs further allege that two days later said Wheeler executed a contract under and by means of which the Houston Fire and Casualty Insurance Company of Fort Worth assumed all the policies issued and executed by the Commercial Security Insurance Company.

Plaintiffs then go on to allege that the policies aforesaid which are shown on Exhibit "A" and being those made the subject matter of the bordereaux aforesaid were cancelled or attempted to be cancelled by the receiver, which happened after April 23, 1954, the date of the issuance of the Bordereaux, and prior to the assumption by the Houston Fire and Casualty Insurance Company on August 6, 1954, and then to quote direct from plaintiffs' petition, plaintiffs allege "because of the cancellation of those policies plaintiff E. Lynn Metteauer was forced to and did expend his own money to either reimburse the policyholders for unearned premiums due or to purchase for them insurance in another company."

Said plaintiff alleged that the total amount of the unearned premiums owing on each of the policies which he had paid out and which he was entitled to recover amounted to $6,769.04.

Plaintiffs further allege that between April 23, 1954, the date of the issuance of the bordereaux, and August 6, 1954, the date of the assumption by the Houston Fire and Casualty Insurance Company, plaintiff Deep East Texas Finance Company had two total losses on automobiles financed by

it and shown on Exhibit "B". That these two automobiles were insured with the Commercial Security Insurance Company, and the receiver has refused to pay same to the said corporate plaintiffs' damages in the sum of $1,362.75.

Plaintiffs further allege that during the same period policyholders listed on Exhibit "C" had losses shown thereon totaling $604.86.

Defendant pled that the District Court of Harris County did not have jurisdiction and additionally filed its plea of privilege. The further material allegations of defendant's answer will be referred to under the appropriate points urged by defendant. The defendant's plea of privilege was in the usual form, and additionally alleged the judgment of the District Court of Travis County, which appointed him as receiver, liquidator and conservator, and cancelled the charter of the Commercial Security Insurance Company.

Plaintiffs' controverting affidavit alleged that the principal place of business of the Commercial Security Insurance Company as shown by its charter was in Houston, Harris County, Texas, and that its books and so forth were there located, and relied upon the aforesaid District Court of Harris County having venue and jurisdiction on Article 2311, V.A.T.S., reading as follows: "Actions may be brought against the receiver of the property of any person where said person resides; and against receivers of a corporation in the county where the principal office of said corporation may be located, and against receivers of railroad companies in any county through or into which the road is constructed. * * *" And the controverting affidavit stated that said facts were as set forth in plaintiffs' original petition.

The defendant predicates its appeal upon five points.

Defendant's first point is that since the pleadings and evidence failed to allege or show a cause of action in favor of the plaintiffs against the receiver, the trial court erred in overruling defendant's plea of privilege.

We sustain defendant's first point so far as the plaintiff Metteauer is concerned and overrule the same so far as the two corporate plaintiffs are concerned.

It is well settled that in order to overcome the plea of privilege in statutory form, plaintiff must make out a case against the defendant as one of the facts necessary to be established to confer venue in the county where the suit is pending. Taylor v. Whitehead, Tex.Civ.App., 88 S.W.2d 716; Compton v. Elliott, 126 Tex. 232, 88 S.W.2d 91 and Ray v. W. W. Kimball Co., Tex.Civ.App., 207 S.W. 351; 43-b Tex.Jur. 391, Sec. 158.

The Supreme Court held in Victoria Bank & Trust Co. v. Monteith, 138 Tex. 216, 158 S.W.2d 63, 67, "A cause of action does not accrue or arise unless there is a cause of action. To prove that a cause of action has arisen in his favor a plaintiff must prove that he in fact has a cause of action." The plaintiff Metteauer was under no legal obligation to repay to the policyholders the unearned portions of the premiums on their policies of insurance. Whether this was commendable or laudable or the meeting of a point of honor, is not the question. He was not legally liable to make said payments, and in doing so, he was a volunteer. It is hardly necessary to cite authority to support the proposition that a person who voluntarily makes payments which he is under no legal obligation to make and which he is not required to make in order to protect his legal rights has no cause of action thereon. See Stone v. Tilley, 100 Tex. 487, 101 S.W. 201, 10 L.R.A., N.S., 678, and Burkhardt v. Lieberman, 138 Tex. 409, 159 S.W.2d 847.

Defendant's position is that there is no privity between plaintiffs and the Commercial Security Insurance Company; however, according to plaintiffs' allegations, as set forth above, there was such privity, at least with reference to the corporate plaintiffs. As will be noted, plaintiffs alleged

that the Commercial Security Insurance Company took over and assumed the policies in question and became substituted as the insurer on said policies. Plaintiffs introduced evidence showing the circumstances under which the "bordereaux" was executed and delivered and the evidence supported plaintiffs' pleadings to the effect that the parties agreed that the liability of the Commercial Security Insurance Company should have been substituted for that of the original insurer, Century Lloyds Insurance Company, and plaintiffs introduced evidence from witnesses expert in the insurance business that "bordereaux" was a term used in insurance to signify that one insurance company became substituted as the insurer in lieu of the first insurer.

■■■ The word "bordereaux" is not a common word in general use. The instrument which all parties to this suit term a "bordereaux" consists of 7 pages on which the policies set forth in Exhibit "A" are enumerated, and at the top of each page the following is written: "Bordereaux of Century Lloyds Automobile Physical Damage Policy Issued Through E. Lynn Metteauer Agency in Lufkin, Texas, Reinsured with Commercial Security Insurance Company of Houston, Texas, as of 12:01 A.M. Standard Time April 23, 1954." Defendant would have us construe, as a matter of law, the terms "bordereaux" and "Reinsured" in a strict technical sense. Defendant cites the definition given by Webster's International Dictionary of "bordereaux", and the full definition there given (after it is shown that the word is still French and has not become Anglicized) is as follows: "A detailed note or memorandum of account, esp. one containing an enumeration of documents." The definition goes on to state that the term is used in marine insurance to designate "a paper setting forth a description of reinsured risks prepared by an original underwriter for the information of the reinsuring company." We note that 11 C.J.S., p. 525, sets forth the following: "Bordereau. In French law, a note enumerating the purchases and sales which may have been made by a broker or stockbroker. This name is

also given to the statement given to a banker with bills for discount or coupons to receive; a detailed statement of account; a summary of an instrument." We consider that since it is clear that the word "bordereaux" is not one of common import in the English language, it was competent for plaintiffs to allege and prove that it was agreed between all the parties that the Commercial Security Insurance Company should take over and assume as substituted insurer all of the policies in question, and that pursuant thereto the "bordereaux" was executed and delivered and that the same is a customary manner and means of an insurance company taking over and assuming the policies in question. It is true that in a technical or strict sense the word "reinsurance" may be used to signify an agreement by one insurance company to indemnify another wholly or partially against loss or liability by reason of a risk that the latter has assumed under a separate and distinct contract as insurer of a third person. Board of Insurance Commissioners v. Kansas City Title Insurance Co., Tex.Civ.App., 217 S.W.2d 695; 29 Am.Jur. 1017; Southwestern Surety Insurance Co. v. Stein Double Cushion Tire Co., Tex.Civ.App., 180 S.W. 1165 (writ refused); Prudential Insurance Co. of Great Britain v. Associated Employers Lloyds, Tex.Civ.App., 250 S.W.2d 477; Cunningham v. Republic Insurance Co., 127 Tex. 499, 94 S.W.2d 140. However, the defendant is mistaken in the proposition that this strict or technical meaning of the word "reinsurance" is the only sense in which the term is used in the insurance business. "Reinsurance" is also used to denote a contract between two insurers by which one assumes the risks of the other and becomes substituted to its contracts so that on the assent of the original policyholders the liability of the first insurer ceases and that of the second is substituted. 46 C.J.S., Insurance, Subd. XIX, § 1220 et seq., p. 195; and see California State Life Ins. Co. v. Kring, Tex.Civ.App., 208 S.W. 372, 379, where the court stated that the common acceptation of the term "reinsurance" is to assume the obligation imposed by a policy of insurance. Here, as indicated above, the

pleadings and evidence were sufficient to support the court's presumed finding that the parties intended to and did by means of "bordereaux" substitute the liability of the Commercial Security Insurance Company for that of the Century Lloyds on the policies in question. Hence, the two corporate plaintiffs did not fail to make out a case and they were in privity with the Commercial Security Insurance Company.

█ In his second and third points defendant contends (a) that the evidence failed to show that the Commercial Security Insurance Company had a principal office in Harris County at the time this suit was filed, (b) that the evidence showed that prior to the filing of this suit (on October 12, 1954) the charter of right of Commercial Security Insurance Company to do business had been cancelled and forfeited and that the receiver had been duly appointed on August 4, 1954, and that the trial court erred in holding that venue was proper in this case in Harris County. It is doubtless true that strictly speaking the Commercial Security Insurance Company had its charter cancelled on August 4, 1954, and, if the insurance company had no existence it could have no office. However, it is not disputed that Houston was the principal place of business of the said insurance company and that its books, etc., were still kept in Houston and it is our construction of Article 2311, V.A.T.S., that for the purpose of suing the receiver the venue was properly laid in Harris County. The purpose of the said statute was to abolish the common-law rule that only the court that appointed the receiver should have jurisdiction and venue on suits brought against the receiver. Thus, the convenience of the public was served by abolishing said common law restriction. Even strictly speaking, and certainly within the purview of V.A.T.S. Article 2311, Houston is the place where the corporation's principal office is located even though the corporation no longer exists. We think it would be a strained construction to hold otherwise.

█ We also overrule defendant's point that the 53rd District Court of Travis County, Texas, had and has exclusive jurisdiction to determine whether the claims made the basis of this suit were proper and valid. This but presents in a different way defendant's position that a receivership of an insurance company is not an ordinary receivership and Articles 2293 to 2320c do not apply. There is nothing in Article 21.28, Insurance Code, which in terms will lend support to defendant's position. Defendant undertakes, by comparisons between the old Bank Liquidation Act and the present Insurance Liquidation Act, to show that the Legislature intended that the court in which the suit was filed to bring about the liquidation was the only court having jurisdiction. It would extend this opinion too long to set forth the defendant's comparison and it is our opinion that only by an amendment of the Insurance Liquidation Act either by the Legislature or by judicial construction could V.A.T.S. Article 2311 be repealed so as not to be here controlling.

█ We overrule the defendant's fifth point to the effect that since the evidence showed that plaintiffs had never filed their claim with J. D. Wheeler, receiver of Century Lloyds, or with J. D. Wheeler, receiver of Commercial Security Insurance Company, a cause of action was not shown in favor of plaintiffs against the defendant, and the trial court therefore erred in overruling defendant's plea of privilege. The evidence showed that the plaintiffs, through Mr. Metteauer and their attorney, presented their claim to J. D. Wheeler, receiver, and he notified them that the same would not be allowed against the Commercial Security Insurance Company. Under such circumstances, it was not required that plaintiffs do a vain thing, file a claim which the receiver had told them would not be allowed. But, in any case, the filing of the suit was, in law, the filing of a written claim.

For the reasons given, the order of the trial court overruling defendant's plea of privilege as to the aforesaid two corporate plaintiffs is sustained, but the order of the court overruling defendant's plea of privilege as to E. Lynn Metteauer is reversed and the cause remanded with instructions to

the court below to sustain appellant's plea of privilege as to the said plaintiff, E. Lynn Metteauer, and transfer the cause to the 53rd District Court of Travis County, Texas.

Affirmed in part and in part reversed and remanded with instructions.