IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

---

No. 92-5084

---

AMERICAN STAR INSURANCE CO.,
f/k/a Classified Insurance
Corporation,

                                        Plaintiff-Appellee,

                          versus

ROBERT F. GIRDLEY and
VIRGINIA L. GIRDLEY,

                                        Defendants-Appellants.

---

Appeal from the United States District Court
for the Eastern District of Texas

---

(April 14, 1994)

Before HIGGINBOTHAM, DAVIS, and SMITH, Circuit Judges.

HIGGINBOTHAM, Circuit Judge:

We hold that an agreement requiring the agent of a bail bond company to indemnify the company is not an illegal reinsurance contract under Texas law.

I

Robert F. Girdley and Virginia L. Girdley agreed to act as agents of American Star Insurance Company[1] in the bail bond business. The contract required the Girdleys to indemnify American Star for any loss incurred on a bail bond issued by the Girdleys on

---

[1] At the time of the contract, the insurance company's name was Classified Insurance Company. The company later changed its name to American Star Insurance Company.

American Star's behalf. American Star here sued the Girdleys under the indemnification provision.

Both American Star and the Girdleys moved for summary judgment, the motions turning on whether the indemnification provision is an insurance contract. If it is, the Girdleys argued, then the agreement was void because the Girdleys were not licensed as insurers. This is their only defense on appeal.

The district court applied Texas law in granting summary judgment for American Star, despite a provision in the agreement specifying California law as controlling. The court concluded that the indemnity provision was incidental to the agency agreement and therefore that it did not require the Girdleys to provide insurance. As a result, the agreement was enforceable.[2] From this judgment, defendants timely appeal.

II

We must first address whether the district court erred in applying Texas law in spite of the parties' choice of California law. The issue in this case is whether the indemnification provision in the agreement between the Girdleys and American Star is enforceable as a matter of law. Because the Girdleys do not contest American Star's position that the provision would be

_____

[2]  After the district court entered final judgment, the Girdleys asked that the court amend its findings pursuant to Fed.R.Civ.P. 52(b) to reflect the fact that the bail bond business was not the Girdleys' but, rather, was American Star's. The district court made this alteration but nevertheless held that American Star was entitled to summary judgment.

2

enforceable under California law,[3] and because we hold below that the provision is enforceable under Texas law, we need not decide if the district court erred in applying Texas law. See Eugene F. Scoles & Peter Hay, Conflict of Laws 17 (1984) ("'false conflict' exists when the potentially applicable laws do not differ").

### III

We hold that the indemnification provision was incidental to the lawful agreement that the Girdleys would serve as American Star's agents. It therefore did not constitute, or transform the agreement into, an illegal insurance contract. As a result, we need not decide whether providers of bail bonds are in the insurance business or, alternatively, whether a party may shirk its commitments by claiming that it has acted illegally.

All parties agree that the Girdleys could lawfully serve as agents of American Star in the bail bond business. The question is whether the Girdleys' indemnification of American Star qualifies as reinsurance. We note at the outset that "when a contract is susceptible of two constructions the construction which makes it legal and valid will be adopted." Board of Ins. Com'rs v. Kansas

---

[3] Indeed, it appears that such a provision would be enforceable under California law. See, e.g., Tischhauser v. Jarvis, 273 P. 66, 67 (Cal. Ct. App. 1928) ("an agreement to indemnify a surety on a bail bond is not against public policy"); McDonough v. Chu Chew Shong, 68 P.2d 976, 977 (Cal. Ct. App. 1937) ("Action upon an indemnity contract to guarantee plaintiffs from loss by reason by their furnishing bail."); People v. Silva, 170 Cal. Rptr. 713, 719 (Cal. Ct. App. 1981) (bail agent of corporate surety, as indemnitor, has standing to challenge bail bond forfeiture); see generally J.E. Macy, Annotation, Right of Surety on Recognizance or Bail Bond to Indemnity or Contribution, 170 A.L.R. 1161 (1947).

City Title Ins. Co., 217 S.W.2d 695, 697-98 (Tex. Civ. App. Austin 1949, writ ref'd n.r.e.).

We recently interpreted Texas law as establishing that "one party to a contract for services is not an 'insurer' of the other party to the contract solely because the first party indemnifies the second party pursuant to an indemnity clause." Vesta Insurance Co. v. Amoco Production Co., 986 F.2d 981, 985 (5th Cir.), cert. denied, 114 S.Ct. 80 (1993). This court relied in Vesta on Board of Ins. Com'rs. Vesta, 986 F.2d at 986 n.12 (citing Board of Ins. Com'rs v. Kansas City Title Ins. Co., 217 S.W.2d 695 (Tex. Civ. App. Austin 1949, writ ref'd n.r.e.)). In Board of Ins. Com'rs., the court addressed an indemnification provision in a contract between a vendor of title abstracts and a provider of title insurance. The vendor agreed to serve as the title insurance company's agent. The indemnification provision held the vendor liable to the title insurance company for obligations arising from the policies the vendor sold on the insurance company's behalf. If the indemnity provision was a reinsurance contract, it violated Texas law by enabling the vendor to act as an unlicensed insurer. The court held that the provision was not a reinsurance contract but rather was incidental to the agency relationship. Id. at 697-98.

In reaching this conclusion, the court looked to the likely effect on the "public interest" of invalidating the indemnification agreement. Id. at 698. By tracing the court's reasoning, we heed the stated purpose for enacting the statute requiring the licensing

4

and regulation of bail bondsmen, that is, regulation of "a business affecting the public interest." Tex. Rev. Civ. Stat. Ann. art. 2372p-3 §1 (Supp. 1994). See also Board of Ins. Com'rs, 217 S.W.2d at 698 ("Title insurance is a business affected by public interest and subject to legislative control").

The court in Board of Insurance Commissioners noted that the indemnification provision neither allowed the vendor to "hold itself out as engaging in the insurance business" nor caused people to "rely upon the responsibility" of the vendor. 217 S.W.2d at 698. A Texas court addressing a similar issue noted that in Board of Ins. Com'rs the title company "had not by [the] contract relieved itself of liability to the policyholder, and that the public was buying insurance from the [insurer] and not [the vendor]." Manning v. State, 423 S.W.2d 406, 412 (Tex. Civ. App. Austin 1967, writ ref'd n.r.e.) (citing Board of Ins. Com'rs, 217 S.W.2d 695, 698 (Tex. Civ. App. Austin, writ ref'd 1949 writ ref'd n.r.e.)). The court in Manning seized on the fact that the agent before it had "assumed all liability to the policyholder" whereas the agent in Board of Ins. Com'rs had not. For this reason, the Manning court found that the agent had provided insurance and had not merely formed "a contract of indemnity." Id.

The same distinction applies to the present case. The Girdleys could, and did, present themselves only as American Star's agents. By the terms of the agreement, American Star acted "as surety for bail bonds solicited in its name." The Girdleys do not claim that American Star could have avoided its obligations as a

result of the indemnification provision. That provision was a purely private agreement between American Star and the Girdleys. It would be ironic if in an effort to protect an unwary government institution or member of the public, neither of which had reason to rely on the Girdleys as bail bondsmen, we were to keep American Star from enforcing the Girdleys' obligations. The court in <u>Board of Ins. Com'rs</u> rejected this approach to distinguishing between indemnification and reinsurance. <u>Board of Ins. Com'rs</u>, 217 S.W.2d at 698 (treating an indemnity provision as an illegal insurance contract would be error where it would expose to risk parties that the law was designed to protect). No interest that Texas might wish to protect would be served by allowing the Girdleys to escape liability.

AFFIRMED.